JUDGE LINDSAY
delivered the opinion oe the court.
James B. Grigsby died, domiciled in Montgomery County, Ky., in 1856, and shortly after his death his last will and testament, which had been made and published in 1847, was duly admitted to record. His son E. F. A. Grigsby, who was the executor of his will, brought this suit a few months after his father’s death to obtain a construction of the will, and to have the estate divided among the devisees in the manner therein directed. The executor, who is one of the devisees, is charged with an advancement of $1,800, and he seeks to be relieved against at least a portion of that sum, upon the ground that it was made up of the value of negro slaves, for one of which he paid his father after the date of the will. From a bill of sale on file with his petition, it appears that on the 23d of March, 1849, he did pay to his father the sum of $402.50 for a negro, Sylvia, who was warranted to him a slave for life. The evidence conduces to show that appellant had possession of this girl prior to the date of his father’s will, but whether she was o.r not estimated in the advancement charged against him can not now be determined; nor is the question material, as the will under which he claims as devisee was not altered by the testator after the transaction of the 23d of March, 1849; nor was appellant injured by reason of the fact that his father owned only a life-estate in this girl. The remainder-men, long before the abolition of slavery, ratified the sale, and claimed against the testator’s estate the price for which she was sold, and asked no relief against him. His position under the judgment appealed from is exactly as it would have been had the title of his father been perfect. He *94 can not be allowed to question the right of the testator to charge him with the advancement; nor to show that by reason of subsequent transactions the will ought in justice to him to have been changed; nor to escape the payment to the owners of the remainder in the slave his proportion of the amount for which the testator sold their property.
The testator, after providing specifically for his wife and for the payment of his debts and funeral expenses, devised the residue of his estate in equal proportions to his five children, Richard F. A., Lewis, James, Ann, and Charlotte, providing that the estate coming to the three last named should be held in trust by the appellant till they should respectively arrive at the age of twenty-one years or marry.
. In 1853 Ann intermarried with Thomas Wilkinson, and shortly after their marriage the testator gave to them two slaves. Appellant insists that his sister should be charged with their value, and that the devise to her should be to that extent treated as adeemed or satisfied.
Upon a former appeal this court expressed the opinion that Mrs. Wilkinson could not be charged with the value of these slaves; but the appellant insists that as this matter was not then before the court for adjudication, this expression of opinion was mere obiter, and does not preclude him from still insisting that she shall be required to account for them.
In this position he is undoubtedly correct, but upon a careful investigation of the question we are constrained to concur with our predecessors in the opinion expressed by them as to the law of the case.
By the common law a specific devise, or a general legacy for a fixed and certain amount, bequeathed by a person in loeo parentis to a child or grandchild, would be held to be adeemed or satisfied by a gift by the testator during his life-time to the legatee of a portion equal to or exceeding the legacy; and if the portion or provision was less than the amount of the *95 legacy, it would be deemed a satisfaction pro tanto, it being only necessary that the portion or provision should be ejusdem generis, and that an intention not to satisfy or adeem the legacy should not be indicated. Whether this rule ever prevailed in Kentucky since the adoption of the Revised Statutes it is not necessary that we should determine, as it can in no event be made to apply in a case like this.
The devise to Mrs. Wilkinson is not specific, nor is it a general devise of a fixed amount. It is one fifth of the residue of the testator’s estate after satisfying the provision for his wife and paying his debts and funeral expenses. Its amount was necessarily uncertain, and an examination of the cases of Farnham v. Phillips (2 Atk. 216) and Freemantle v. Banks (5 Vesey, 513) makes it perfectly plain that by the rules of the common law such a legacy to a child or grandchild is not adeemed or satisfied by an advancement by the testator during his life-time. The court below properly refused to charge Mrs. Wilkinson with the value of these slaves, notwithstanding the testator may have expressed an intention so to charge her. He failed to do so, and oral testimony can not be allowed to change or vary his legally-executed will.
Appellant was properly charged with interest on the moneys held by him during this protracted and vexatious litigation. Although he was not directed to loan it out, yet it is manifest that he used it for his own purposes, and he can not complain at being required to pay legal interest for its use.
The answer of the attorney for Mrs. Hunton showed that she was a lunatic, and that she had been abandoned by her husband. In this state of case appellant held on to her money, and, so far as appears from this record, took no steps to have it applied for her benefit. He was entitled to no refunding bond, as she took as devisee of Mrs. Browning and not of Grigsby. Mrs. Browning’s will was probated in *96 1845, and when this suit was instituted time had barred action by creditors against her administrator. It was therefore right to require him to account to Mrs. Hunton’s committee for interest. For the reason that time had barred suits by creditors against appellant when the judgment in this case was rendered, he had no right to demand refunding bonds from his father’s devisees.
There was no error as to costs. The Browning devisees should not have been required to pay any part of the costs. There was no doubt as to the construction of Mrs. Browning’s will, and her devisees recovered a judgment against those of Grigsby for the slaves converted by the latter.
The judgment against appellant individually for one half of the costs was proper. A very considerable portion of the litigation grew out of his attempt to escape the advancement charged against him by the testator.
We perceive no error in the details of the judgment, either as to the accounts of Lewis Grigsby or Mrs. Wilkinson, nor as to the individual claims of .appellant, against his father’s estate.
It is therefore considered that the judgment of the circuit court be affirmed.