CHIEF JUSTICE LINDSAY
delivered the opinion of the court.
No sufficient reason is shown why the partition made by the commissioners should be disturbed. They were not misled by the misdescriptions of the property contained in the record. They made an actual examination of each piece of realty, and were guided in their investigations by the title papers, and not by the memoranda filed with the pleadings. Further than this, the correctness of the various appraisements and valuations is sustained by the preponderance of the evidence.
But it was error to charge Blanton H. Duncan with the $6,166.50 given him by the testator in 1854. By the last will and testament, published in 1852, the testator disposed of his entire estate. This sum could not therefore be charged to Duncan as an advancement. The devise to Duncan was one fifth of the estate of which the testator died seized. It was not a specific devise nor a general legacy for a fixed and certain sum.
The will took effect as if it had been executed immediately before the testator’s death, and provided that Duncan should take as devisee one fifth of the estate then owned by him. Á bequest or devise thus uncertain in amount would not, by the *51 rales of the common law, be adeemed or satisfied in whole or in part by a gift made by the testator during his lifetime, even if the devisee or legatee was a person to whom he stood in the relation in loco parentis, and the portion or advancement ejusdem generis.
In the case of Grigsby’s ex’r v. Wilkinson (9 Bush, 91) the testator gave to his daughter two slaves after the publication of his will; and in considering the question as to whether the gift should be treated as part satisfaction of the devise to her, this court said: “ The devise to Mrs. Wilkinson is not specific, nor is it a general devise of a fixed amount. It is one fifth of the residue of the testator’s estate after satisfying the provision for his wife and paying his debts and funeral expenses. Its amount was necessarily uncertain, and an examination of the cases of Farnham v. Phillips (2 Atk. 216) and Freemantle v. Banks (5 Vesey, 513) makes it perfectly plain that by the rules of the common law such a legacy to a child or grandchild is not adeemed or satisfied by an advancement by the testator during his lifetime.”
But it is claimed that the 17th section of chapter 106 of the Revised Statutes controls this case, the will having been published and the gift made after their adoption. Said section is in these words: “A provision for or advancement to any person shall be deemed a satisfaction, in whole or in part, of a devise or bequest to such person contained in a previous will, if it would be so deemed in case the devisee or legatee were the child of the testator; and whether he is a child or not, it shall be so deemed in all cases in which it shall appear from parol or other evidence to have been so intended.”
The first clause of this section was intended to place devisees or legatees, to whom the testator does not stand in the relation of a parent, upon the same footing with children or grandchildren, and to change the common-law rule to that extent. The latter clause further changes the common law so *52 as to apply certain gifts to the satisfaction of devises or legacies, whether specific or general, and whether for a fixed or an uncertain sum. But this provision does not control unless it can be made to appear, from parol or other evidence, that the testator intended, at the time it was made, it should be deemed a satisfaction, partial or entire, of the devise or bequest contained in the previous will.
It is not specifically averred in the cross-petition of Kennedy and wife that the testator intended to satisfy in part the devise to Duncan by the gifts in question. The substance of the averment is, that the testator announced to his intended executors his intention to divide $50,000 between his five descendants, that he paid $6,166.50 to Duncan pursuant to such intention, and died before he could complete the advancement to him of $10,000, and before he paid any thing to the other four descendants.
It is also alleged that the testator intended the $50,000 to be a provision for and an advancement to his five devisees, and as their portion or settlement for life, and as satisfaction in part of the devises to them contained in the then existing will.
It is not directly averred that the testator intended to give to each of his five devisees the sum of $10,000. The statement is, that he announced to his intended executors that such was his intention.
But treating the averments as sufficient in law, they are denied by Duncan in his reply, and a careful and laborious examination of the extended record before us has failed to disclose “parol or other evidence” sufficient to make it reasonably appear that the gift was intended as a satisfaction in whole or in part of the devise to Duncan.
That the testator expected, during the continuance of his life, to make gifts to his five descendants, according to his convictions of propriety, we do not doubt; but the proof does *53 not show an expectation on his part that these gifts should be accounted for by his devisees, and treated by the courts after his death as advance payments on the devises contained in his will. His fortune was large and his income greatly in excess of the reasonable wants of his family, and it is not to be supposed he intended the distribution of comparatively small sums of money among his five grandchildren and great-grandchildren should modify or change the provisions of his carefully-prepared will, and devolve upon the courts the duty of inquiring into such of his transactions with his devisees as he did not regard of sufficient importance to make the subject of note or memorandum.
The judgment of the court sustaining the partition of the estate is affirmed; but the judgment charging the appellant Duncan with the gift of $6,166.50 is reversed, and the cause remanded with instructions to dismiss so much of the cross-petition as relates to that subject.