SMITH, *Ex'r*, v. GREELEY & a.

In a devise for the support of A and his family, the word "family" is construed to mean A's dependent wife and children, in the absence of indications to the contrary.

BILL IN EQUITY. The plaintiff is executor of the will of Samuel Greeley, late of Hudson in this county. The testator's will was proved April 22, 1879. The plaintiff asks for construction of a certain part of the will.

The terms of the will referred to are these:

"I give, bequeath, and devise to David O. Smith of Hudson, aforesaid, trustee, in trust, the tract of land with the buildings thereon, situated in said Hudson, known as the Tenney Farm. . . ."

"Also one undivided half of my land in said Hudson, lying between the Burns road, so called, and the Hills meadow, containing in all, 40 acres, more or less. . . ."

Following the description of the land is this provision:

"Said trustee to hold the same for the following purposes, with full force to convert the same into money, if he thinks best, to pay the income thereof, and if necessary for his support, such portion of the principal as he may think best, for the support and maintenance of my son, James C. Greeley, or his family. And

whenever in the discretion of said trustee he may think it adᵥ ble, with full — to convey the same to said James C. Greeley, heirs and assigns."

James C. Greeley was alive and unmarried when the will was proved. He had a son, one of these defendants, Lewis J. Greeley, by a former marriage, who was then and now is a minor. After the allowance of the will, James C. Greeley married Ida B., one of the defendants, and they had four children, now alive. James C. Greeley died in March, 1892, intestate. On the 11th day of January, 1882, this executor sold and conveyed a part of the land held in trust, and acquired in place of it, on the 13th day of December, 1881, another piece of land in Hudson; and the deed was taken in his name as trustee, and the title so remains, as also the title acquired under the will to that which was not disposed of. James C. Greeley, or his family, enjoyed the income of the premises, for his support and maintenance, and that of his family, as long as he lived. The child of the first wife has lived in Lowell, and has not constituted a part of his family for several years. The executor not only allowed Mr. Greeley or his family to have this income, but he paid out considerable money besides, the same being necessary for his support. The executor did not deem it best at that time to dispose of the premises to reimburse himself. One Chase, of Hudson, during Greeley's life, after the creation of this trust, loaned Greeley certain money for his support and that of his family, the same being necessary.

The executor desires, if he has the right, to pay Chase the money so loaned, and he desires to reimburse himself for the amount he has advanced for said Greeley's support; and he thinks it advisable to sell a portion or the whole of the premises in order to do this. He brings this proceeding to ascertain what his power and authority are under the will, and because he is uncertain to whom he shall pay the proceeds arising from any sale of the premises that he may make, or whether he shall continue to hold the same in trust if he thinks it advisable. He is uncertain whether by the "family" of said Greeley, as mentioned in the will, is meant his family as it existed at the time of the proof of the will, or his family as it existed after the second marriage; and he is uncertain, should he deem it advisable to convey the premises to the family, whether he should deed it to the widow and her children, or to the child of the first wife, or to all of the children. He is also uncertain, if he deems it advisable to retain the property, whether he shall apply the income for the support of the widow and her children, or that of the children alone, and whether that would include the children of both marriages. The widow claims that the income should go to the support of herself and her own children, and the defendants claim that the plaintiff should not reimburse himself, or pay Chase. The child by the first marriage has been supported for several years at Lowell

by his grandmother, who claims of the executor that she should receive a portion of the income of this property, or the whole, to reimburse her, and for future support, and for reimbursement out of the proceeds of any sale. Upon these points the plaintiff asks for a construction of the will and an order concerning his duty.

*George B. French*, for the plaintiff.

*Charles W. Hoitt* and *Doyle & Lucier*, for the defendants.

CLARK, J. By conferring upon the trustee the power to convert the real estate devised into money at his discretion, the testator indicated a purpose to provide a fund, the income of which, and so much of the principal as the trustee might consider necessary, should be applied to the support and maintenance of his son, James C. Greeley, or his family, and that the trustee should terminate the trust by transferring whatever of the fund remained to James C. Greeley and his heirs when he considered it advisable to do so. The trust estate set apart by the testator for the support of his son, or his son's family, was chargeable with that support to the extent deemed necessary by the trustee; and the conversion of the trust property into money being in the discretion of the trustee, it was immaterial whether it took place before or after the support was furnished. It was the duty of the trustee to adopt the course most beneficial to the estate, and in the exercise of his judgment he advanced the money needed for the purposes of the trust upon the credit of the trust estate. The trustee is entitled to be reimbursed for the money advanced by him, and for this purpose, in the exercise of the authority vested in him by the terms of the trust, he may sell a part or the whole of the trust property. If the money loaned by Chase to Greeley for the support of himself and family was furnished at the trustee's request, it stands upon the same footing as the money advanced by the trustee, and the trustee is authorized to repay it from the trust fund. If it was not furnished at the request of the trustee, it is like any other claim for necessaries furnished for the reasonable support of James C. Greeley or his family, if there is any such, and such claim may be paid by the trustee if in his judgment the support furnished was reasonable and necessary.

By the word "family" we think the testator meant to include any wife, child, or children of James C. Greeley. *Townsend* v. *Townsend*, 156 Mass. 454, 456. In wills, the word "family" ordinarily means next of kin, and there is nothing indicating that it was used in a different sense by the testator. The trustee is authorized to pay for the maintenance of Lewis J. Greeley by his grandmother, at Lowell, whatever sum she is reasonably entitled to receive in the judgment of the trustee. It does not appear

that the support was furnished with the expectation of being repaid from the trust fund.

It is apparent that the testator considered the possibility of the termination of the trust in the lifetime of his son, from the provision empowering the trustee to convey the property to him whenever he should think it prudent or advisable to do so. Aside from the fact that the discharge of the trust is vested in the discretion of the trustee, there is nothing indicating a purpose to continue it beyond the life of James C. Greeley. The judgment of the trustee is to determine when it shall cease. Unless the circumstances require its continuance, the trustee may close the administration of the trust and make distribution of the residue whenever he deems it advisable. If the situation is such in the judgment of the trustee as to require the continuance of the trust, the income should be applied to the support of the family of James C. Greeley, including the widow and all of the children. If distribution is made, it should be according to the statute of distribution of personal estate,—one third to the widow, and the remaining two thirds divided equally among the five children of James C. Greeley.

*Case discharged.*

CARPENTER, J., did not sit: the others concurred.