FISHER v. KEITHLEY, *Appellant.*

Division One, December 23, 1897.

1. **Will:** CONVEYANCE: RES ADJUDICATA. This court having on a former appeal held a will devising one hundred acres of land, and in another appeal a later deed conveying other lands to the devisee, to be valid, the only question in this suit of ejectment that can be considered is, did the conveyance adeem, revoke or satisfy the provisions made for the devisee by the will?

2. **Wills:** ADEMPTION: The doctrine of ademption applies only to bequests of personal property; and while no good reason, on principles of justice and equity, exists why it should not also be applied to devises of real estate, yet this rule is an old one and as the legislature has not seen fit to change it, the courts will not take the initiative to effect such change.

3. ———: ADEMPTION: REASON AND APPLICATION. In case the parent has given a legacy to a child by will and afterward a gift or advancement to the same legatee of property of the same kind, the courts presume that he intends to adeém or revoke the legacy, in whole or in proportion to the value of the donation, the reason being that the gift itself is gone. But a will can not be revoked except for statutory reasons, and the statute (R. S. 1889, sec. 8871), does not permit a will to be revoked by a subsequent conveyance. So that if a father devises one hundred acres of land to a son, and the rest of his lands to his other children, and then by a subsequent deed conveys to the same son one hundred and fifty acres of the land so devised to them, the devise is not adeemed or revoked by the conveyance.

4. ———: ———: SEPARATE CONSIDERATION. Where the legatee has paid a valid consideration for the property received after the will was made, the doctrine of ademption can not apply.

5. ———: ———: CONSENT AND SATISFACTION OF DEVISEE. Unless the devisee consent that a conveyance of land to him shall be accepted by him in satisfaction of a previous devise, both the devise and conveyance must stand.

*Appeal from Ralls Circuit Court.*—HON. JOHN A. HOCKADAY, Judge.

AFFIRMED.

*John Megown* for appellant.

(1) The evidence clearly shows that the testator, Roland Keithley, intended the grant of one hundred and fifty acres to be in lieu of and in satisfaction of the former devise of one hundred acres. He so declared to appellant, to George W. Walters, Nancy Moseley and John Moseley, and in the hearing of Wm. Moseley and Lewis Moseley, and his declarations were competent evidence and his intention can be shown by extrinsic evidence. Tiedeman on Eq. Jur., p. 146; Pomeroy's Eq. Jur. [1 Ed.], sec. 574; *Ferguson v. Bush*, 7 S. W. Rep. 537. (2) The relationship of the parties being that of father and son, and there being other children of the donor, the presumption

arises that the grant was to take the place of the devise. Pomeroy's Eq. Jur., secs. 523, 573 and 574; *Cox v. Cox*, 101 Mo. 168; *Lilly v. Tobbien*, 103 Mo. 477; 1 Woerner, sec. 228, p. 502. (3) It was contended by the plaintiff that the doctrine of ademption or satisfaction does not apply to devises of real estate, and in view of the evidence the judgment must rest on this ground alone. In this the trial court erred. No such rule is established in this State, while in the cases of *Burnham v. Comfort*, 108 N. Y. 535, and *Langdon v. Astor*, 16 N. Y. 34 (the leading cases cited in support of this doctrine), such a statement is made by the court. Yet such must be regarded as mere *obiter dictum*, as neither case involved the question in so broad a sense. *Ferguson v. Bush*, 7 S. W. Rep. 537; *Cozzens v. Jamison*, 12 Mo. App. 452; Pomeroy's Eq. Jur., sec. 554.

*George A. Mahan* and *F. L. Schofield* for respondent.

(1) The action is ejectment. The answer being purely defensive, no affirmative relief being prayed, the case remains one at law. *Wolff v. Schaeffer*, 74 Mo. 154; *Carter v. Prior*, 78 Mo. 222; *Springer v. Kleinson*, 83 Mo. 152; *Kerstner v. Vorweg*, 130 Mo. 196. (2) There having been no special finding of facts by the court nor any declarations of law given or refused, there is nothing for this court to review. *Weilandy et al. v. Lemuel*, 47 Mo. 322; *Easley v. Elliott*, 43 Mo. 289; *Harrington v. Minor*, 80 Mo. 270; *Taylor v. Cayce*, 97 Mo. 243. (3) The question is not one of ademption. It is one of revocation. Strictly speaking the word "ademption" applies only to specific legacies where, on account of an *ante mortem* disposition by the testator of the thing given, its

identity is lost or parted with, the will can not operate upon it. In such case the legacy is said to be adeemed —that is, taken away. 2 Woerner, Adm. 446, p. 972; 2 Williams on Extr. [7 Ed.], 632–642; 1 Roper on Legacies, 237–256; 2 Story, Eq. Jur., secs. 1109–1111; .Cozens v. Jamison, 12 Mo. App. 456; 1 Am. and Eng. Ency. of Law [2 Ed.], pp. 611, 622. (4) But our legislature has prescribed the only means whereby a will, or any part of a will, may be revoked. R. S. 1889, sec. 8871. (5) It has been much disputed whether, under similar statutes, even the conveyance by a testator of lands devised in a previously written will, will work a revocation of the will *pro tanto* as to the lands conveyed. But it is now generally held that it will, for the very sufficient reason that "the estate is gone and the will has lost the subject of its operation." *Hattersley v. Bissett*, 51 N. J. Eq. 598; *Cozzens v. Jamison*, 12 Mo. App. 452; *Emory v. Union Soc.*, 79 Me. 334; *Webster v. Webster*, 105 Mass. 538; *Thompson v. Thompson*, 2 Strob. (S. C.) 48. (6) We have found but one case where the doctrine was applied to a devise and subsequent conveyance of real estate by a parent or person *in loco parentis* to a child, viz., the case of *Hansbrough v. Hooe*, 12 Leigh (Va.), 316; *Belshaw v. Chitwood*, 40 N. E. Rep. 908; *Giffin v. Brooks*, 31 N. E. Rep. 743; *Graham v. Birch*, 49 N. W. Rep. 697; *Arthur v. Arthur*, 10 Barb. 9; *Swals v. Swails*, 98 Ind. 511; *Weston v. Johnson*, 48 Ind. 1; *Campbell v. Martin*, 82 Ind. 577. (7) The doctrine of ademption can not be applied to devises of real estate. *Burnham v. Comfort*, 108 N. Y. 535.

MACFARLANE, J.—In the year 1869 Roland Keithley was seized in fee of a tract of land containing about three hundred acres upon which he resided. He had a number of children, all of whom had left the paternal

home, except his son, John C. Keithley, who was married, and lived with him upon the farm. On the third day of May, 1869, the said Roland Keithley made and published his last will under which he sought to dispose of his entire estate among his children. He devised to his said son John C. one hundred acres of said land, describing it. In connection with this devise the will recites: "Which said devise over and above the amount bequeathed to my other children, I deem just and right on account of the ill health of my said son and his affectionate care of me in my old age." The residue of his property he directed should be sold and the proceeds thereof divided among the other children.

John C. continued to reside with his father for about three years after the execution of the will, when he moved to the State of Illinois, where he remained about two years. Soon after his return his father, the said testator, conveyed to him in fee simple one hundred and fifty acres off the north side of said farm, which included the mansion house and other buildings. This one hundred and fifty acres was separated from the one hundred acre tract by a strip of land about eighty yards wide and over two thousand yards long. The express consideration for this deed is "the care and support of said Roland Keithley (the grantor) and ten dollars." The grantor was over eighty years of age when this conveyance was made, and died in three or four years after. After the death of his father the said John C. Keithley conveyed both tracts to plaintiff Fisher, who commenced this suit in ejectment to recover the possession of the one hundred acre tract February 7, 1891. There had been some previous litigation in regard to the conveyance and the devise, both of which had been adjudged valid.

The petition is in the usual form of actions of ejectment. By his answer, after a general denial, de-

fendant stated in detail the facts hereinbefore noted, and charged that: "The said one hundred and fifty acres so conveyed was of much greater value than the one hundred acres devised to said John C. Keithley by the will, that it was conveyed to him and accepted by him in full satisfaction of his interest in said estate, and that in equity and good conscience the said conveyance to him and acceptance by him of the said tract of one hundred and fifty acres did, and considering all the facts and circumstances, should operate as a complete and full ademption of said devise of one hundred acres, under which devise this plaintiff claims title." The answer further charged that plaintiff purchased the land with full notice of all the facts and circumstances under which it had been devised to his grantor.

The issues were tried by the court. Defendant, in support of his answer, offered evidence tending to prove all the allegations thereof. The evidence also tended to prove that the testator, Roland Keithley, when he made the deed, believed that the will had been destroyed and that John C. Keithley had forfeited the right to the devise to him for the reason that he had not continued to live with and care for him. The court found for the plaintiff and judgment was rendered accordingly, and defendant appealed.

I.   The claim of defendant, as it appears from the answer, is that the devise of the one hundred acre tract made to John C. Keithley, under the will of his father, Roland Keithley, was adeemed, revoked or satisfied, by the subsequent conveyance to him of the one hundred and fifty acre tract.

It must be agreed that the evidence tends to prove, indeed is very convincing, that the testator intended that the provision made by the deed should operate as a revocation of the devise, or rather, he believed that the devisee had forfeited the testamentary provision

by reason of leaving home and ceasing to care for him. There was no evidence, however, tending to prove that the devisee had such an understanding when he accepted the deed. The grantor had the right to make the deed for the consideration therein expressed and it has been held valid by this court. *Keithley v. Keithley,* 85 Mo. 220. It must be conceded, furthermore, that by the will and deed, giving them both effect, the said John C. Keithley secured the bulk of his father's estate, to the virtual disinheritance of the other children. This disposition of the property is manifestly inequitable, but the will has also been confirmed by the judgment of this court. *Owens v. Sinklear,* 110 Mo. 55.

So we must then take the will and deed together, both of which, taken separately, are valid instruments, and determine whether or not the latter revoked, adeemed or satisfied the provision made for said devisee in the former, assuming, as the evidence tends to prove, that the testator intended it to have that effect.

II. In the first place, all the authorities, so far as we are advised, except one which we will notice further on, agree that the doctrine of ademption only applies to bequests of personal property. We find but the one case, in the absence of a statute, in which it has been held applicable to the devises of real estate. 2 Story, Eq., sec. 1111; 1 Am. and Eng. Ency. of Law [2 Ed.], 611, and authorities cited; 1 Roper on Legacies, 365; 2 Woerner on Adm., sec. 446; *Burnham v. Comfort,* 108 N. Y. 539; *Allen v. Allen,* 13 S. C. 512. Counsel for defendant argues with much force that no sufficient reason exists on principles of equity for the distinction made in applying the doctrine to a bequest of a legacy and refusing to apply it to a devise of real estate.

It is true, the doctrine of ademption is founded upon principles of justice in order to work out a fair and equal division of the estate of a parent, or one standing in the relation of a parent, among all the objects of his bounty. Courts act on the presumption that a parent intends that all the objects of his bounty shall share equally in his estate, and in case he has given a legacy to one by will, and afterward a gift or advancement to the legatee of property of the same kind, that he intends to adeem or take away the legacy in whole or in proportion to the value of the donation. The doctrine is applied on the same principle as is that of advancements in case of intestacy. The reasons for the rule as expressed by Lord Hardwicke, are: "This court inclines against double portions. Another good one: the court considers it as a performance of what was intended to be done, and paying the debt of nature which he owed his child." *Watson v. Lincoln*, 1 Ambl. 325. "It is a rule adopted by courts of equity to prevent a child from getting a double portion, an inequality which it is but fair to presume the testator did not intend." *Wallace v. DuBois*, 65 Md. 153.

While no reason, on principles of justice and equity, seems to exist for the distinction made between a bequest of personal property and a devise of real estate, yet the distinction has ever been most uniformly made by the courts, not because the equities are not the same, but because of the safeguards that have ever been thrown around the transfers of real estate, and contracts by which titles are affected. The rule has remained unchanged by the legislation of this State, though questions of the revocation of wills and of advancements have been dealt with, and we must assume that no change has been considered desirable. We do not think the courts, at this day, should take

the initiative in abrogating a rule which has been so long and so universally approved.

The statute of frauds requires all agreements affecting the title to real estate to be in writing (R. S. 1889, sec. 5182), and the statute concerning wills provides expressly how alone they may be revoked. R. S. 1889, sec. 8871. The section last cited provides: "No will in writing, except in the cases hereinafter mentioned, nor any part thereof, shall be revoked, except by a subsequent will, in writing, or by burning, canceling, tearing or obliterating the same, by the testator, or in his presence, and by his consent and direction." The doctrine of ademption is treated by the courts as a satisfaction rather than a revocation of the legacy. The theory is that the gift contemplated by the will to take effect after the death of the testator is advanced during his lifetime. The legacy is thus adeemed, or taken out of the will altogether, because the testator has already parted with its control. The subject of the bequest is gone and the will has nothing to operate upon. Hence the gift must be *ejusdem generis,* as the bequest in order to effect an ademption. On the same principle a conveyance by the testator, during his lifetime, of the land previously devised, operates as a revocation of the devise. This results from necessity on account of a failure of the subject of the devise. It can not be regarded either as ademption or as an exception to the statutory mode of revocation. In neither case is it intended by the courts to set aside the statute or to defeat its provisions.

Real estate is known and transferred by its description, and in case specific land is devised a subsequent conveyance of other land does not take the devised land out of the will and can not effect an ademption of the devise without violating the letter and spirit of the statute. The statute was supposed to subserve a salutary purpose, and should not be disre-

garded by the courts, even to carry out the intention of the testator, and to accomplish a more equitable division of his property among his children. As said by the court of appeals of New York, in a case, as in this, in which justice seemed to demand the application of the doctrine of ademption to a devise of land: "A rule of law which has heretofore been sanctioned and relied upon, which is in unison with the spirit and with the sense of our statute and which offers a safe rule of property, is rather to be followed than to be departed from for reasons moving from the circumstances of a particular case." *Burnham v. Comfort*, 108 N. Y. 541. See, also, *Clark v. Jetton*, 5 Sneed, 229; *Allen v. Allen*, 13 S. C. 512; *Weston v. Johnson*, 48 Ind. 1.

We are cited to a decision of the Supreme Court of the State of Virginia which holds that a devise of real estate will be adeemed by a subsequent marriage settlement of other land, of equal value, upon the devisee. *Hansbrough v. Hooe*, 12 Leigh, 321. In this case one of the three judges dissented. The judge who wrote the majority opinion agreed "that no case had occurred in which the doctrine of ademption of legacies has been extended to devises of real estate," but, he says, "it is equally true that there is no case, in Virginia at least, deciding that the doctrine is inapplicable to such devises." The judge thereupon proceeds to decide the case on principles of equity notwithstanding a statute of that State in regard to the revocation of wills similar to our own. TUCKER, J., who wrote a very able dissenting opinion, shows that the bequest of a legacy may be adeemed by bestowing the gift upon the legatee during the lifetime of the testator. In such case the gift itself is gone, is taken out of the will altogether. In case the land devised is conveyed during the lifetime of the testator, the devise will be

necessarily revoked because it has nothing to operate upon. "But," he says, "a gift of other lands can not operate to adeem since the land devised is left for the will to operate on; nor can it operate to revoke, because revocation can only be according to the statute." In concluding this discussion he says: "We are bound by adjudications in this respect" (referring to certain implied revocations) "which we may not disregard. But where no precedent commands us to set the statute at defiance, we should steadfastly adhere to its wise and salutary provisions."

So we say in this case. The devise of the tract of land in dispute remained unrevoked by any method provided by statute and the land which was the subject of the devise remained for the will to operate upon. There could therefore have been neither an ademption nor revocation of the devise.

III. It also appears from this record that the conveyance of the one hundred and fifty acre tract by the testator to the devisee was for a valuable consideration and was not made as a portion or advancement. The expressed consideration was $10 and an agreement to care for and support the grantor. An attack upon the deed for inadequacy of consideration was defeated. *Keithley v. Keithley, supra.* As has been said, the doctrine of ademption is founded upon the presumption that the testator only intended each object of his bounty to receive an equal portion of his estate. The doctrine therefore can not be extended to a payment in satisfaction of a legal obligation, or to property sold by the testator to the devisee for a valuable consideration. It only applies to a portion advanced to the legatee to which he is by nature entitled. 1 Am. and Eng. Ency. of Law [2 Ed.], 616, and cases cited.

IV. There is no evidence that the conveyance was taken in satisfaction or substitution for the previous

devise, assuming that the testator, for the consideration expressed in the will, bound himself to give the legatee the one hundred acre tract. Satisfaction could not be effected without the consent of the devisee, and there was no evidence that he gave his consent. 1 Pomeroy's Eq., sec. 526.

It follows that both the devise and the conveyance must stand.

The judgment is affirmed. BARCLAY, P. J., and ROBINSON and BRACE, JJ., concur.