Anna Ida Rowe, Appellant, v. May Irene Rowe, *et al.*

Wills: REVOCATION. Prior to the adoption of the Code of 1897,
1    the birth or adoption of a child after the making of a will
     and prior to the death of the testator operated to revoke the will.

Construction of Will: LIFE ESTATE: PROVISIONS FOR CHILDREN.
2    The testator devised all his property to his wife for life with
     "full use, management, control and disposal for her use,
     comfort and support so long as she shall live", and at her
     death the remainder to their children. *Held*, that the
     widow took a life estate and that the disposition of the remainder did not constitute a substantial support for the child.

*Appeal from Dallas District Court.*—Hon. J. H. APPLE-GATE, Judge.

THURSDAY, APRIL 9, 1903.

SUIT in equity for the construction of the will of Martin Rowe, deceased, and to authorize plaintiff to sell certain land of which testator died seised.   Defendant May Irene Rowe appeared and answered, pleading that the will of Martin Rowe was revoked by the birth of a child after the execution of the will, and before the testator's death.   The trial court overruled a demurrer to this count of the anwser, and the plaintiff appeals.— *Affirmed.*

*White & Clarke* for appellant.

*Dale & Harvison* for appellees.

DEEMER, J.—The material parts of the will in question, which was executed on [the 17th day of January, 1894, read as follows:
"1st.   After the payment of all my just debts and funeral expenses I give, devise and bequeath unto my beloved wife, Anna Ida Rowe, all of my property and effects of whatsoever kind whether real or personal and wheresover situated.   To have and to hold the same during the period of her natural lifetime.   She to have full use, management, control and disposal of the same for her use, comfort, and support so long as she shall live.
"2d.   In case no children are born to my said wife and myself then all my property of whatsoever kind remaining at the time of the death of my said wife, shall be divided equally between my parents and her parents, share and share alike. [In case there are living children at the time of the death of my said wife, then all property remaining shall descend to them share and share alike."

Testator died December 7, 1898, and plaintiff is his widow.   Defendant May Irene Rowe is a daughter.   She was born December 28, 1897.   She pleads that the will was revoked by her birth, and that she is entitled to two-thirds of her father's estate.   Code, section 3276, provides,

in substance, that the subsequent birth of a legitimate child to the testator before his death will operate as a revocation of his will. This statute was enacted after the making of the will, but before the birth of the child. As the child was born after the Code provision went into effect, the result of such birth on the prior will must be determined with reference to the law as it existed at that time. Ordinarily a will speaks from the time of the testator's death, and, until some rights intervene, the legislature may say what facts will revoke it. The present act of the legislature went into effect in October of the year 1897, and defendant was not born until the month of December in that year. But whether this be true or not, the rule which prevailed in this state before the adoption of the present Code was to the effect that the birth or

1. REVOCATION of will. adoption of a child subsequent to the making of a will, and before the testator's death, alone operated as an implied revocation of his will. *McCullum v. McKenzie*, 26 Iowa, 510; *Carey v. Baughn*, 36 Iowa, 540; *Negus v. Negus*, 46 Iowa, 487; *Fallon v. Chidester*, 46 Iowa, 588; *Alden v. Johnson*, 63 Iowa, 125; *Milburn v. Milburn*, 60 Iowa, 411; *Hilpire v. Claude*, 109 Iowa, 159. The Code commission, which recommended the insertion of the sentence quoted into our present Code, said in its report (page 47, section 7), "The last clause states a rule which has been announced by the decisions of the Supreme Court."

Appellant's counsel, admitting the rules thus far announced, contend that they do not apply when there has been a recognition of the child, and substantial pro-

2. CONSTRUCTION of will: life estate: provision for children. vision made for it in the will. They further contend that the statute is simply declaratory of the common law, or of the law as it existed in this state prior to the adoption of the Code, and that it should be construed with reference to the then recognized exceptions to the general rule. Should we accept these

postulates, it by no means follows that the appellant's conclusion is correct. She is contending that defendant took nothing under the will, that the clauses we have quoted gave her an estate in fee simple, and that she has power to sell and dispose of the estate without authority of court, and without being held to account for its proceeds. This claim is doubtless without support, but it gives us some light in arriving at a correct solution of the problem involved. The widow has but a life estate under the will of her former husband, with limited power of disposition for her use, comfort, and support so long as she shall live. Under this power she might sell the entire property during her life for support, and thus deprive the child of any right to or interest therein. Indeed, all the child is given is a remainder after a life estate, and this remainder is subject to disposition under the power given in the will. Is this a substantial provision for the child? We think not. While there is a conflict in the authorities on this proposition, we are of opinion that such a devise as is found in this will does not amount to a substantial provision for a child born after the execution of the will. Defendant was of tender years, and was not provided for during that period of her life when in need of support and education. She may never receive anything of her father's estate. It is given to the widow for life, with power of disposition for use and support; and the child gets nothing until the death of the mother, and then only what remains, if anything, after the execution of the power. This conclusion is in harmony with reason and authority, and we have no hesitancy in adopting it. See *Willard's Estate*, 68 Pa. 327; *Waterman v. Hawkins*, 63 Me. 156; *Rhodes v. Weldy*, 46 Ohio St. 234 (20 N. E. Rep. 461, 15 Am. St. Rep. 584); *Potter v. Brown*, 11 R. I. 232; *Bowen v. Hoxie*, 137 Mass. 527; *Holloman v. Copeland*, 10 Ga. 79.

These conclusions relieve us of the necessity of determining the proper construction of the section of the Code before quoted. We may say, however, that the interpretation of this language is by no means free from doubt.. It differs very materially from that used in other states, which generally provide that the birth of a child, for which no provision has been made or which is not mentioned in a will, shall operate as a revocation. Moreover, the question as to the effect of the birth of an illegitimate child, whose paternity has been recognized after the execution of a will and before the death of the testator, or the adoption of a child between these two periods, is left in considerable doubt. In view of the conclusions reached, we are relieved of the necessity of considering these matters. What the rule should be in the event substantial provision was made for the after-born child, we do not decide. There might be a case where it would be of manifest advantage to the child to have such a will upheld and supported. In such cases, we are not prepared to say that the will should be treated as revoked by the birth of the child.

The ruling of the district court on the demurrer is correct, and the judgment is AFFIRMED.