IN RE ESTATE OF JOHN H. BROWN, Deceased, ZELLA STIN-
SON SNIDER, Contestant-Appellant, v. IDA BROWN,
Proponent-Appellee.

HAZEL BROWN, Minor, Contestant, and HAZEL BROWN, by
Guardian, and ZELLA STINSON SNIDER, by Guardian,
Appellants, v. IDA BROWN and ARTHUR HURTT, Ad-
ministrators, Appellees.

**Wills:** ADMISSION TO PROBATE: ACTION TO SET ASIDE: *Res judicata:*
1   APPEAL. All matters which may properly be determined in a
contested proceeding for the probate of a will are adjudicated
by the order therein, and when no appeal has been taken from
the order cannot be again litigated in a suit in equity to set
the probate aside; and the only questions which can be con-
sidered upon an appeal of the equity case are such as could not
have been presented to the probate court in denial of the pro-
bate of the will.

**Wills:** DEVISE TO WIFE: EFFECT OF DIVORCE. A devise to "my wife,"
2   naming her, will not be defeated by a mere decree of divorce
subsequent to the will on the ground that after the divorce she
does not answer the description.

**Same:** ADEMPTION. Ademption is the satisfaction of a legacy by
3   some act of the testator which is intended to operate as a revo-
cation, and may be accomplished by a gift to the legatee, or
such disposition of the subject of the bequest as to make the
will impossible of operation; the doctrine of ademption applies,
however, only to personality and specific legacies, and not to
realty: so that where a husband devised to his wife, prior to a
divorce, all his real estate including the homestead and a portion
of his personalty, such bequests were not adeemed or satisfied
by the provisions in the decree of divorce for her support and
that of her minor child, which were intended simply to enforce
the testator's obligation to support them.

**Ademption:** SATISFACTION. A general legacy may be satisfied
4   though not strictly speaking adeemed; the distinction being
that one depends upon the intention of the testator as gathered
from his acts, and the other upon the extinction of the thing
or fund granted.

**Same:** IMPLIED REVOCATION. Where there is nothing to indicate
5   that a testator intends to change or destroy bequests in favor
of his wife, in a will made prior to their divorce, or that the

wife believed that such was his intent, and she did nothing to prevent his destroying or revoking the will, the mere fact of divorce is insufficient to establish an implied revocation at common law.

*Appeals from Linn District Court.*—HON. F. O. ELLI-SON, Judge.

THURSDAY, JULY 9, 1908.

THESE are two actions to set aside the will of John H. Brown, deceased. One is an appeal from the action of the district court sitting as a court of probate in admitting the will to probate, and the other an action in equity to set aside the probate of the will. In each action the will was sustained and contestants and objectors appeal.— *Affirmed.*

*Redmond & Stewart,* for appellants.

*Main & Griffiths,* for appellees.

DEEMER, J.— John H. Brown died on or about June 25, 1906, at the age of forty-eight, leaving surviving two daughters, Zella Stinson Snider and Hazel Brown, a minor, and his divorced wife, Ida Brown, whom we shall call the proponent. On the 3d day of December, 1903, he executed a last will and testament in due form, whereby he devised all his estate, save the sum of $1,000 to each of his children, " to his -wife Ida." This will was duly filed for probate, and the daughters filed objections to the probate thereof, claiming that, as Ida Brown was divorced from John H. in May of the year 1905, she ceased to be his wife, and could not take under the will; that in the divorce action the property rights of the parties was settled by the decree; ' that, by reason of changes and alteration of relations and conditions, the will was revoked, and no longer continued to be the last will and testament of the deceased. The contestants also pleaded:

That the possession of said last will and testament was by the proponent clandestinely preserved, and the alleged

will itself preserved with the knowledge upon her part that the said decedent, John H. Brown, was informed and believed that said alleged will had subsequently to said action for divorce been physically destroyed in pursuance of the direction and intendment of said John H. Brown, deceased, at the time of the making, entering, and recording of said decree of divorce; that, by reason of the foregoing, the said alleged will was revoked by the said John H. Brown in his lifetime, and the proponent takes no property or property right thereunder, and has no such interest in the estate or property of the late John H. Brown as would authorize her to propose the will for probate.

In an amendment to the objections of contestants, they pleaded that, upon the making of the will, it was deposited with the wife, Ida, for safe-keeping, and that she kept it until filed for probate; that in the divorce action which was brought by the wife an agreement was entered into between the parties with respect to their property rights which was passed into the divorce decree, providing that certain money and property awarded to the wife, Ida, should be in full payment and satisfaction, and discharge of all her interest in and to the property of John H. Brown; that the money and property awarded to the wife were thereafter paid and delivered to her, and that deceased's obligations to his wife were thereby fully discharged. It was further pleaded that the wife knew of the provisions made for her in the will, and that deceased made the settlement of their property rights in the divorce suit, intending it to be an annulment, cancellation, and abrogation of the prior provisions made in the will, and as " a definement and limitation of the property to be received by the wife "; that, notwithstanding this knowledge on the part of proponent, she clandestinely and fraudulently preserved the will, and is now attempting thereby to defraud the estate of her former husband, now deceased. These facts are relied upon also as an estoppel. Proponent demurred to these objections for the reason that the facts therein stated do not operate as a revocation

of the will, nor do they constitute an estoppel. This demurrer was sustained, and, contestants electing to stand upon their objections, the will was proved and admitted to probate. Appeal was thereupon taken to this court. These are the facts in the case in probate.

The other case is one in equity brought by the contestants in the probate court to set aside the probate of the will upon substantially the same grounds as were stated in the objections to the probate of the will. The defendants in that action pleaded the judgment of the probate court upon the demurrer, in bar of the suit, and maintain that the order admitting the will to probate is a complete and final adjudication of the matter in controversy. In addition to asking that the order admitting the will to probate be set aside, plaintiffs in the equity case ask that title to the property be quieted in them, and an order restraining Ida Brown and Arthur Hurtt from qualifying as executors, or in any manner interfering with the property left by the deceased. The equity case went to trial on the issues joined, resulting in a decree dismissing plaintiffs' petition. This decree was passed April 16, 1907, and at that time no appeal had been taken from the order in probate. The appeal in that case was taken April 27, 1907.

From this statement of the record it is manifest that, so far as the equity case is concerned, all matters which might properly have been determined in the probate pro-

1. WILLS: admission to probate: action to set aside: *res judicata*: appeal.

ceedings were adjudicated by the order therein, and cannot again be litigated in the equity case. The only propositions which may be decided upon the appeal in that case are such as could not have been properly presented to the probate court as a reason for denying the probate of the will. This is fundamental doctrine sustained by *Neimand v. Seemann,* 136 Iowa, 713; *Smith v. James,* 74 Iowa, 462.

Any question, then, which goes to the validity of the will as a whole, or to the cancellation or revocation thereof,

was determined in the probate action, and cannot be determined in the equity suit. The only questions which may be considered upon appeal in the equity case are these: Admitting that the will was properly admitted to probate, do the children of the deceased take thereunder anything more than the will gives them, or are they entitled notwithstanding the will to any greater share in the decedent's estate than the will provides they shall have?

In this connection they contend that the divorced wife, Ida, is not entitled to anything, because she does not answer the description in the will as " my wife Ida." She was

2. Wills: devise to wife: effect of divorce.

testator's wife when the will was made, and, as the words used are merely descriptive, she was none the less the devisee and legatee in the will after her divorce. There is no conflict in the authorities on this propostion. *Card v. Alexander,* 48 Conn. 492 (40 Am. Rep. 187); *Smith v. Greeley,* 67 N. H. 377 (30 Atl. 413). So that Ida Brown is entitled to take under the will unless the bequests, devises, and legacies were satisfied as claimed by appellants' counsel. The will devised to the wife, Ida, all testator's real estate, including the homestead absolutely in fee simple. It also gave her all the personal property of every kind used in connection with the homestead, and, after giving each of the daughters $1,000 out of his personal property, provided that the wife should have the remainder.

Appellants contend that all these devises and bequests were satisfied or adeemed by reason of the provision made

3. Same: ademption.

for the wife in the divorce action. The decree in that action made this provision:

The said plaintiff is entitled to, and is hereby allowed and granted, a judgment against the defendant for the sum of thirteen hundred and fifty ($1,350) dollars, $50 of which goes to the child. In addition thereto, the said plaintiff is entitled to and is hereby allowed and granted all of the household and kitchen furniture in the homestead of the parties, located at No. 310 First Street West, in the city of

Cedar Rapids, Linn county, Iowa, of whatever source and kind, together with all the beds and bedding therein contained, excepting the gas range in the kitchen of said homestead and the furniture, bed, and bedding necessary and proper for the furnishing of one bedroom. These last two items belong to defendant herein. It is further found, adjudged, and decreed that the defendant shall pay to plaintiff on the 17th day of May, A. D. 1906, and on each 17th day of May thereafter, until such child, Hazel, shall become of the age of eighteen (18) years, the sum of fifty ($50) dollars, the same to be used by said plaintiff in the support, clothing and education of said child, and that this charge of fifty ($50) dollars per year, in all aggregating the sum of three hundred and fifty ($350) dollars, is hereby made a lien on all real property now or hereafter belonging to said defendant, until the same is fully paid, and judgment is hereby rendered against said defendant for said sum of three hundred and fifty ($350) dollars, the same to cover the seven years intervening between this year and the year that said child, Hazel, becomes of age, . . . the household and kitchen furniture going to the plaintiff to include one piano now located in said residence. That the foregoing provisions for and in behalf of the plaintiff when paid and complied with by the defendant shall be in full payment, satisfaction, and discharge of all her interest in and to the property of the defendant.

Ademption is the extinction or satisfaction of a legacy by some act of the testator which is equivalent to a revocation of the bequest or which indicates an intention to revoke. It may be accomplished by a gift to the legatee or by such disposition of the subject of the bequest as to make the will impossible of operation. *Kenaday v. Sinnott,* 179 U. S. 606 (21 Sup. Ct. 233, 45 L. Ed. 339); *Burnham v. Comfort,* 108 N. Y. 535 (15 N. E. 710, 2 Am. St. Rep. 462); *Conn. Co. Case,* 75 Conn. 683 (55 Atl. 171). The doctrine does not according to the almost universal voice of authority apply to devises of realty. *Burnham v. Comfort, supra; Campbell v. Martin,* 87 Ind. 577; *Marshall v. Rench,* 3 Del. Ch. 239; *Fisher v. Keithley,* 142 Mo. 244 (43 S. W. 650, 64 Am. St. Rep. 560). See, also, *In re Hall's Estate,* 132

Iowa, 664; *Clark v. Jetton,* 5 Sneed (Tenn.) 229, and note found in 28 Am. St. Rep. 352. The doctrine where applicable obtains only as respects personal property and to specific legacies. *In re Frahm's Estate,* 120 Iowa, 85; *Beck v. McGillis,* 9 Barb. (N. Y.) 35; *Kenaday v. Sinnott, supra; Cowles v. Cowles,* 56 Conn. 240 (13 Atl. 414). Save as to personal property used about the homestead, the legacy to the wife in this case was general, and not specific, and the decree of divorce and the provisions made for the wife therein did not adeem any of the bequests save as to the items of personal property mentioned in the decree. These, of course, were removed from the operation of the will; but that fact does not enlarge the bequests to the plaintiffs in the equity case, for this property went to the wife, not as a gift, but by reason of the decree which was founded upon John H. Brown's obligations to his wife and children.

A general legacy may be satisfied, although not strictly speaking adeemed. It is this which distinguishes ademption from satisfaction. One depends upon the intention of the **4. Ademption:** testator as inferred from his acts, and the **satisfaction.** other upon the extinction of the thing or fund granted. *Weston v. Johnson,* 48 Ind. 1; *Cowles v. Cowles,* 56 Conn. 240 (13 Atl. 414). When a general legacy is given of a sum of money without regard to any particular fund, and thereafter testator pays this legacy to the legatee or advances him even a small sum with intent to discharge the legacy or to substitute the advancement for the bequest, the legacy is satisfied, or, as it is sometimes said, adeemed. When the amount of the advancement or gift is smaller than the legacy, the satisfaction is held complete, not for the reason that the smaller sum is regarded as payment of the larger, but by reason of the intent of the testator to substitute the smaller for the larger, and to reduce the amount of the general legacy. The doctrine of satisfaction depends very largely, if not altogether, upon the intent of the testator.

Now, it must be remembered that the provision made for the wife in the decree of divorce was not a voluntary gift or advancement to her. It was awarded because of the defendant's legal obligation to support his divorced wife and children, and because she, upon the divorce being granted, was not entitled to take anything under the law as his widow. It was not a pure gift or advancement to the wife, nor in so far as the record discloses was it intended to take the place of the provisions made in the will. Conceding *arguendo* that the doctrine of satisfaction may apply to a residuary bequest, it must appear that the subsequent payment or advancement was not made pursuant to a legal obligation or duty owing by the testator to the residuary legatee. Generally speaking, the intent to satisfy is to be found in the conduct of the parties, and, where that is referable to some legal obligation or duty, no such intent will be inferred. *Fisher v. Keithley,* 142 Mo. 244 (43 S. W. 650, 64 Am. St. Rep. 560). The divorce decree simply satisfied the property rights between the parties as they existed at that time, and had no reference whatever to any disposition which the testator might then or thereafter have made of his property by will. His intention, if he had any, was either to revoke the entire will, for none of its provisions would be valid if, as claimed, he intended to exclude his wife from the beneficial provisions thereof; or he was giving no thought whatever to the will, and was simply satisfying his legal obligations as they existed at that time toward his wife and family. Many cases hold that the doctrine does not apply in any event to residuary legatees. See *Clendening v. Clymer,* 17 Ind. 155; *Davis v. Whittaker,* 38 Ark. 435; *Grigsby v. Wilkinson,* 9 Bush (Ky.) 91. One case, however, seems to hold to the contrary. See *Allen v. Allen,* 13 S. C. 512 (36 Am. Rep. 716). We need not decide that question, however, at this time, nor do we do so. Our conclusion is bottomed upon the fact that testator made no gift or advancement to the residuary legatee, nor was he attempting

to satisfy the legacy in any manner. What he did was in fulfillment of a legal obligation confirmed, affirmed, and approved by the court, and in such cases no intent to do anything more than satisfy his legal obligations will be inferred. So much as to the appeal in the equity case. The decree therein is manifestly correct.

As to the appeal in the probate case, we have another and much different-question, and that is the effect of the divorce and the division of the property upon the will as an entirety. It is contended that under the facts

5. SAME: implied revocation.

pleaded by contestants by way of objection to the probate of the will the will was revoked, canceled, and annulled, and that the trial court erred in sustaining the demurrer to the objections as pleaded. It must be admitted that, under the law as it stood at the time of testator's death, an implied revocation of a will may be found from changes in the conditions and circumstances of the testator. *Rowe v. Rowe,* 120 Iowa, 17; *McCullum v. McKenzie,* 26 Iowa, 510; *Negus v. Negus,* 46 Iowa, 487; *Hilpire v. Claude,* 109 Iowa, 159; *McGuire v. Luckey,* 129 Iowa, 559. But these changes must be such as would have amounted to a revocation at common law when our statute was enacted. No exception is found in the statute, and implied revocation has been engrafted thereon through court decisions. Manifestly the revocation implied as of law must result from facts and circumstances which were everywhere regarded as sufficient under the common law. So that we are driven to the common law to find out whether or not the facts pleaded amounted to an implied revocation under that law. It is well settled by practically all the authorities that the divorce of a testator from his wife after the making of his will does not revoke the will. No case holds to the contrary. See, as sustaining this proposition, *Charlton v. Miller,* 27 Ohio St. 298 (22 Am. Rep. 307); *Corker v. Corker,* 87 Cal. 643 (25 Pac. 922); *Baache v. Baache,* 50 Neb. 18 (69 N. W. 303); *In re Jones,* 211 Pa. 364 (60 Atl. 915, 69 L. R. A. 940, 107 Am.

St. Rep. 581, 3 A. & E. Am. Cases, 230). There is but one case which indicates anything to the contrary, and that is *Lansing v. Haynes,* 95 Mich. 16 (54 N. W. 699, 35 Am. St. Rep. 545). But that case really is bottomed upon changes made in the rights and duties of the parties due to an agreement which of necessity changed property rights of both parties in such a manner as that implied revocation or an estoppel was found from the peculiar facts. The opinion admits that the conclusion is not sustained by authority and is a pioneer in this field. However, that case, even if followed, is not determinative here. The decision is predicated upon the notion that there were two wills, one by the husband in favor of the wife, and the other by the wife in favor of the husband; that one of these was destroyed; that in the divorce case the property rights of each was fixed and determined and other facts of controlling significance. The case does not turn wholly, if at all, upon the fact of divorce and allowance of alimony, but upon the making of the two wills, the destruction of the one, and the adjustment of the property rights in the divorce action. The present case is very-different in its facts, and there is nothing here alleged which under the great weight of authority should be held to amount to an implied revocation of the will. There is nothing to indicate that the testator intended to destroy or change his will, and nothing to show that the wife believed that such was the intent of her husband. She did nothing to prevent his revoking or destroying it had he been so minded, and there were no such changes in the conditions or circumstances pleaded as amounted to an implied revocation. The testator could devise his property to whom he would, and, having made the devise, it was entirely competent and proper for him to change it at any time. As he did not do so, the will must be confirmed. The wife's rights thereunder after the testator's death rest not upon coverture, but are conferred by a will which has not been revoked.

The trial court was right in sustaining the demurrer. The result is that each case must be and it is *affirmed.*