Campbell v. Martin *et al.*

No. 10,214.

## CAMPBELL v. MARTIN ET AL.

87 577
135 618

PLEADING.—*Complaint against Several Defendants.—Joint Demurrer.*—Where a complaint against several defendants states a cause of action against one of them, the joint demurrer thereto of all the defendants, for the alleged insufficiency of the facts therein, ought to be overruled.

JUDGMENT.—*Land Devised.—Lien of Judgment against Devisee.—Devisee's Debt to Testator.*—Where lands are devised, the lien of an existing judgment against the devisee will attach thereto at once upon the testator's death, and can not be divested by nor postponed to the lien of a junior judgment against the devisee, upon a debt due from him to the testator before his death.

From the Washington Circuit Court.

*A. B. Collins*, for appellant.

*D. M. Alspaugh* and *J. C. Lawler*, for appellees.

HOWK, J.—This was a suit by the appellant against the appellees in a complaint of two paragraphs. Afterwards the appellant dismissed the action as to the first paragraph of the complaint. The appellees' demurrer to the second paragraph of the complaint, for the alleged insufficiency of the facts therein to constitute a cause of action, was sustained by the court, and to this decision the appellant excepted. Refusing to amend or plead further the court rendered judgment against him for the appellees' costs.

In the second paragraph of his complaint the appellant alleged, in substance, that, on the 14th day of January, 1876, by the consideration of the court below, the appellant recovered a judgment against the appellee Alexander C. Martin for $2,508.42, without relief from valuation or appraisement laws, and a decree of foreclosure of mortgage on real estate in Washington county, described in said decree, and a judgment over against said Alexander C. Martin for any balance of the judgment that might remain unsatisfied after the sale of the mortgaged premises; that an order of sale was duly

issued on said judgment and decree, and, by virtue thereof, the sheriff of the county duly advertised and sold, according to law, the real estate therein mentioned, for the sum of fifty dollars, and, the real estate not having been redeemed within one year from the date of such sale, the sheriff conveyed the same to the purchaser thereof, and, after such sale of the mortgaged premises, there remained an unpaid balance of $2,500 of the principal and interest of such judgment; that afterwards, on June 1st, 1876, one Mason L. Martin, the father of Alexander C. Martin, died testate at Washington county, and, by his last will and testament, devised unto Alexander C. Martin certain real estate, particularly described, in Washington county; that shortly after the death of Mason L. Martin one James Heiter Martin was duly appointed administrator, with the will annexed, of the estate of Mason L. Martin, deceased; that afterwards, at the August term, 1878, of the court below, the said administrator recovered a judgment therein against Alexander C. Martin for $963.62 on notes and other indebtedness due from Alexander C. Martin to Mason L. Martin at the time of the latter's death; that at the April term, 1879, of the court below, in an action wherein the said administrator was plaintiff and Alexander C. Martin was defendant, the said administrator was ordered to retain and hold the real estate devised to Alexander C. Martin, and give him credit on the judgment recovered against him by the administrator to the amount of the appraised value of the real estate, which the administrator did accordingly; that such order of the court, by its terms, was not to affect the rights and equities of any lien-holders; that the administrator attempted, in his final settlement of said estate, to parcel out and divide the said real estate so devised to Alexander C. Martin among the other legatees named in the will, who are the defendants in this suit, excepting Alexander C. Martin and Levi Standish, Benjamin F. Hollowell and Peter M. Chastain, who now hold the real estate under such claim of title; that Levi Standish was the husband of Emily C.

Standish, and Benjamin F. Hollowell was the husband of Catharine Hollowell, and the other defendants claimed an interest in the controversy adverse to the appellant, and were necessary parties to a complete determination of the questions involved; that immediately upon the death of Mason L. Martin the balance of the appellant's judgment became a lien on the real estate devised by the decedent to Alexander C. Martin prior and superior to the lien of the judgment recovered against him by the decedent's administrator, to discharge or pay which latter judgment the real estate devised was retained and attempted to be disposed of by the administrator, and that the balance of appellant's judgment, amounting to the sum of $2,500, was then due and unpaid. Wherefore appellant asked that his judgment be declared a lien on such real estate, and enforced by the sale thereof, and for other proper relief.

A joint demurrer by all the appellees, Alexander C. Martin included, was sustained by the court to this paragraph of complaint, and this ruling is the only error complained of by the appellant in this court. The appellees have not favored this court with any brief or argument in support of the ruling below, and we confess our inability to see any ground upon which it can be sustained. It is certain that the complaint stated a cause of action against the appellee Alexander C. Martin, for it counted upon an unpaid judgment against him, recovered by the appellant in the court below. In *Gould* v. *Hayden*, 63 Ind. 443, this court said: "A judgment is a 'debt of record'; and, whether foreign or domestic, an action may be maintained thereon for the recovery of such debt, even where it might appear that the judgment plaintiff could enforce the collection of his judgment by an execution issued out of the court in which it was rendered. *Davidson* v. *Nebaker*, 21 Ind. 334. The judgment plaintiff, of course, controls his judgment. He may enforce its collection by the process of the court in which he obtained his judgment, or he may, if he may elect so to do, use his judgment as an original cause of action, and bring

suit thereon in the same or some other court of competent jurisdiction, and prosecute such suit to final judgment." *Palmer* v. *Glover*, 73 Ind. 529.

Clearly, therefore, the complaint was sufficient to withstand the demurrer of Alexander C. Martin thereto, and, as it was a joint demurrer, it ought to have been overruled as to all the appellees. This is so, whether the appellant was or was not entitled to the relief demanded in his complaint. Upon the facts alleged he was entitled to some relief; and, in such a case, it is error to sustain a demurrer for the want of facts to the complaint, because it may appear that the plaintiff is not entitled to the relief prayed for. A bad prayer for relief, or a prayer for improper relief, will not vitiate a pleading otherwise sufficient; and a demurrer to a pleading for the want of facts will not reach objections to its prayer for relief. *Mark* v. *Murphy*, 76 Ind. 534; *Nowlin* v. *Whipple*, 79 Ind. 481.

The appellant's judgment against Alexander C. Martin was rendered on the 14th day of January, 1876, in the circuit court of Washington county, and thereafter remained in full force and unsatisfied. The statutory lien of this judgment attached at once to the real estate in the same county, described in the complaint, upon the devise thereof to Alexander C. Martin by his father, Mason L. Martin, deceased, at the death of the latter on the 1st day of June, 1876. In the natural order of things, of course the lien of this judgment, in favor of the appellant, would take precedence over and be superior to the lien of the judgment which the administrator, with the will annexed, of Mason L. Martin, deceased, at the August term, 1878, of the court below, recovered against Alexander C. Martin. After the rendition of this latter judgment, in a suit by the administrator against Alexander C. Martin, the court below, at its April term, 1879, ordered the administrator to retain and hold the real estate, so devised to Alexander C., giving him credit for its appraised value on the judgment against him, in favor of the administrator. But the appellant was not a party to such suit, and, besides, by the express terms

of the order of the court therein, it was not to affect the rights and equities of any lien-holders.

We learn from the brief of the appellant's learned counsel that the decision below was made upon the following grounds: " The executor or administrator with the will annexed had a right to set off the devise made the son by the will with the demands or debts due the father from the son, at the time of the father's death." Appellant's counsel says that the court held, "in other words, that the debt due the father's estate from the son, and not reduced to judgment until two years after the father's death, was a superior lien or equity to the plaintiff's judgment which attached to the lands devised immediately upon the father's death." From the same source we learn that the court based its decision on the following language, in 2 Redf. Wills, p. 483, sec. 19 : "There seems to be no question of the right and duty of the executor to set off any debt due the estate from a legatee against any legacy which he may be called to pay. But this right of retainer will not extend to an indebtedness created after the decease of the testator, by the legatee giving security to the estate for the indebtedness of other parties."

There is some reason for the application of this doctrine to the payment of legacies by the executor, and especially so where the indebtedness of the legatee to the estate might be regarded as a total or partial ademption of the legacy. But we know of no reason whatever for the extension of this doctrine, and making it applicable to devises of real estate. As a general rule, legacies are payable by the executor out of the testator's personal estate which may come to his hands to be administered. But, ordinarily, the executor has absolutely nothing to do with the real estate devised by his testator, unless it may be needed for the payment of the testator's debts. Otherwise, the devise of the real estate will take effect at once upon the death of the testator, without any intervening act of the executor. Upon the facts stated in the complaint, in the case at bar, we are of opinion that the lien of the appel-

lant's judgment upon the real estate devised to Alexander C. Martin was not and could not be divested nor postponed to the lien of the junior judgment against him in favor of the administrator, with the will annexed, of the testator's estate. So that, in any view of the case under consideration, we think that the court clearly erred in sustaining the appellees' demurrer to the appellant's complaint.

The judgment is reversed, with costs, and the cause is remanded with instructions to overrule the demurrer to the complaint, and for further proceedings not inconsistent with this opinion.