KEMP ET AL. *v.* KEMP ET AL.

[No. 12,499. Filed December 15, 1926. Rehearing denied March 11, 1927. Transfer denied March 6, 1931.]

*Earl F. Gruber, Brenton A. Devol* and *Thomas M. Ryan,* for appellants.

McMAHAN, C. J.—Complaint by appellants to quiet title to 40 acres of land, hereinafter referred to as "tract 1." Appellee Alva A. Kemp filed a cross-complaint, alleging that he was the owner of the undivided one-half of this land, that the land was indivisible, and asking that his title be quieted and for partition. There was a decree against appellants on their complaint and a decree in favor of the cross-complainant on his cross-complaint, in which it was decreed that he was the owner of one-half of said land; that appellant Lulu Kemp was the owner of the other one-half as trustee for Orval J. and Virginia M. Kemp; that the property was indivisible and should be sold.

The facts were found specially and are, in substance, as follows: On August 26, 1911, Francis M. Kemp, being the owner of three tracts of land in Clinton County containing 40, 1¾, and 38 acres and respectively designated as tracts 1, 2 and 3, executed a will giving his wife a life estate in all of the real estate and personal property of which he might *die the owner;* appellee Alva A. Kemp was given a one-half interest in said property, subject to said life-estate; he was also given a one-half interest in said property in trust for Virginia M. Kemp, a granddaughter of the testator, subject to said life estate, with the provision that the trustee should manage the trust property for the granddaughter and, when she arrived at the age of 21, to convey the same to her in fee simple; in February, 1912, Francis M. Kemp made a

codicil to his will, in which, after reciting the birth of appellant Orval J. Kemp, who is a brother of Virginia, provision was made by which he was to share equally with his sister in said property, and that the trustee should hold the undivided one-half of the property in trust for both of said children during their minority and to convey to them in fee as and when they arrived at the age of 21; on September 17, 1914, the testator and his wife, by warranty deed, conveyed tracts 2 and 3 to appellee Alva A. Kemp, the consideration named in the deed being one dollar; this deed was recorded on the day of its execution; the testator remained in possession of tract 1, and, on October 20, 1916, died the owner thereof, his wife having predeceased him; Virginia and Orval J. Kemp are children of Orval Kemp, who was a son of the testator and who had died prior to the execution of said will; Orval J. was born after the death of his father; when the will was made, the testator had but one living child and but one grandchild; at the time of his death, his only heirs were his said son Alva, and the two grandchildren, Virginia and Orval J., children of the deceased son Orval; all the personal property except $22 was used in paying the liabilities of the estate; tract 1 at the time tracts 2 and 3 were conveyed to appellee was worth $7,000, and tracts 2 and 3, at that time, were of the same value; at the time of the execution of said will, and continuously thereafter, Virginia resided and lived with her grandfather, who resided on tract 1 till his death; Orval J., from the time of his birth, resided and lived with his grandfather until the latter's death; the testator, during all of said time, exercised parental control over both of his said grandchildren and stood *in loco parentis* to both of them; appellee resigned as trustee under said will and appellant Lulu Kemp, mother of Virginia and Orval J., was appointed as such trustee by the Clinton Circuit

Court. The court also found that tract 1 was indivisible and should be sold.

On these facts, the court concluded, as a matter of law, and adjudged that appellee was the owner in fee of an undivided one-half interest in tract 1; that the same should be sold and the proceeds paid one-half to appellee and one-half to appellant Lulu Kemp, as trustee.

Appellants, contending that the conveyance of tracts 2 and 3 to appellee operated as an ademption or satisfaction of the devise to him, insist that the whole of tract 1 belongs to appellant Lulu Kemp as trustee for her co-appellants Virginia and Orval J. Kemp, for which reason they say the court erred in its conclusion of law.

Appellants, without undertaking to make any distinction between an "ademption" and "satisfaction" of a legacy, say: "Where there is nothing on the face of the will to show, and no proof of intention to give a double portion, an advancement to a child or other legatee in *loco parentis* with the testator will be deemed a satisfaction or ademption of the legacy, as the law will presume that the testator did not intend to give a double portion to one child." And that, "Where a testator devises his real estate among his children in undivided shares, and afterwards conveys part of it to one of them, the conveyance is presumed to have been intended as a satisfaction and ademption of the devise."

It is appellants' contention that the rules applicable to the ademption and satisfaction of a bequest of personal property are applicable to a devise of real estate. If this contention can be sustained, this cause must be reversed; if not, it must be affirmed.

In *Weston* v. *Johnson* (1874), 48 Ind. 1, Cary Johnson owned two adjoining quarter sections of land located in different sections. By his will, he devised one of these quarters to Francis Weston, and the other one to Cary J. Munger, both of whom were grandchildren of the

testator. After the execution of the will, the testator, by warranty deed, but without any consideration, conveyed to Francis Weston the quarter section which by the will had been devised to Cary J. Munger. At the time the deed was made, and for a year prior thereto, the grantee was and had been living with his grandfather as a member of his family. There was no evidence that the testator intended that the land conveyed should be received in lieu of that devised to Weston, although the latter testified that, when the land was deeded to him, he understood it was conveyed to him as an advancement of what he was to take by the will. After the death of the testator, Weston took possession of the land so devised to him. Appellees, claiming the land so specifically devised to the appellant therein as heirs of the decedent, commenced an action to quiet their title, and contended that the conveyance of the one tract to Weston operated as an ademption or satisfaction of the specific devise of the tract of land. The cause was decided upon the theory that the doctrine of the ademption of legacies by advancement to the legatee by the testator in his lifetime had no application to specific legacies or to devises of real estate. And, in *Swails* v. *Swails* (1884), 98 Ind. 511, 514, the court says: "The doctrine of ademption applies only to legacies, and not to specific devises of real estate." Attention was also called to *Campbell* v. *Martin* (1882), 87 Ind. 577, where the court in discussing the doctrine of ademption, said: "But we know of no reason whatever for the extension of this doctrine, and making it applicable to devises of real estate."

Section 3462 Burns 1926, 2 R. S. 1852 p. 308, provides: "A conveyance, settlement, deed, or other act of a testator, by which his estate or interest in property previously devised by him shall be altered but not wholly divested shall not be deemed a revocation of such devise, but the

same shall pass to the devisee or legatee the actual estate or interest of the testator which would otherwise descend to his heirs, unless such devise shall be otherwise revoked, or unless, in the instrument by which such alteration is made, the intention is declared that it shall operate as a revocation of such previous devise; but if, in any case, the provisions of the instrument by which such alteration is made are wholly inconsistent with the terms and nature of such previous devise, such instrument shall operate as a revocation thereof, unless such provisions depend on a condition or contingency, and such condition be not performed or such contingency do not happen."

In view of this statute, the conveyance to appellee cannot be held a revocation of the provision in the will devising to appellee the one-half interest in the land of which the testator died the owner. The words of the testator are that he devises to his son "An undivided one-half interest in all the property, both real estate and personal property that I may die the owner of, to have and hold in fee simple absolutely," subject to the life estate given the wife of the testator. The testator died the owner of the land in question. The title of the testator was not "wholly divested" by the deed. This being true, such conveyance cannot be deemed a revocation of the devise. Nor are the terms of the deed "wholly inconsistent with the terms and nature" of the previous devise.

For other cases holding the doctrine of ademption not applicable to devises of real estate, see *Burnham* v. *Comfort* (1888), 108 N. Y. 535, 15 N. E. 710, 2 Am. St. 462; *Arthur* v. *Arthur* (1850), 10 Barb. (N. Y.) 9; *Allen* v. *Allen* (1879), 13 S. C. 512, 36 Am. Rep. 716; *Fisher* v. *Keithley* (1897), 142 Mo. 244, 43 S. W. 650, 64 Am. St. 560.

In *Arthur* v. *Arthur, supra,* the testator devised his

real estate in undivided shares to his children and later conveyed a tract of land to one son equal in value to the son's portion of the estate. It was there held that the conveyance did not revoke or satisfy the devise to the grantee in the deed, but that he was entitled to the land conveyed by the deed, and to a share in the land remaining under the will. And this, although it appeared there was a mutual mistake as to the effect of the deed.

Appellants cite *Hansbrough, Exrs.*, v. *Hooe* (1841), 12 Leigh (Va.) 321, 37 Am. Dec. 659, holding a devise of real estate was adeemed by a subsequent marriage settlement of other land of equal value upon the devisee. This case was decided in a court of five judges. One judge "concurred," one judge wrote a dissenting opinion, and two were "absent." From our investigation, we find it has been cited in Virginia but once, where it is cited in support of the proposition that when a parent or one *in loco parentis* gives a legacy and afterwards makes an advancement in the nature of a portion, such advancement will amount to an ademption, and it will be presumed the testator meant to satisfy the one by the other, and this rule applies with reference to real estate as well as to personal estate. See *Strothers, Admr.*, v. *Mitchell* (1885), 80 Va. 149, where the court, after stating the rule laid down in the Hansbrough case, said: "This is well settled, and we do not mean to contradict the principle; it is a part of the statute law of the State." Whether there was a statute in force in Virginia to that effect when the first decision was rendered, we are not advised, but it appears that such a statute has been in force in that state since 1849. See Code of Virginia 1849 p. 1517.

Our inclination has been to reverse this cause, and we would do so if in so doing we would not violate an unbending rule of law. We have devoted much time to the question, and the only case other than the Virginia

case we have been able to find which supports appellants' contention is *In re Percival's Estate* (1913), 79 Misc. Rep. 567, 141 N. Y. Supp. 180, where the Surrogate held in accordance with appellants' contention. In view of the decision of our Supreme Court hereinbefore referred to, and the great weight of authority elsewhere, we are constrained to hold the court did not err in its conclusion of law.

The court refused to allow appellants to prove statements alleged to have been made by the testator after the execution of the deed to appellee, which would have tended to prove that the testator conveyed the land to appellee as and for his interest and portion of the testator's estate. None of these alleged statements was made prior to the execution of the deed or at the time of its execution. The court did not err in refusing to admit this testimony.

Judgment affirmed.