REEVES et al. v. DUKE.

No. 31013.  May 25, 1943.

*137 P. 2d 897.*

Sigler & Jackson, of Ardmore, for plaintiff in error.

Joseph M. Culp and Earl A. Brown, both of Ardmore, for defendant in error.

BAYLESS, J. Julia Reeves et al. appeal from a judgment of the district court of Carter county, on appeal from the county court, holding that Mary Louise Little (who sometimes signed her name Mrs. F. E. Little) died testate.

The county court admitted to probate an instrument meeting all of the requirements of 84 O. S. 1941 § 54, as the holographic will of the decedent, and also admitted to probate as a codicil thereto an instrument possessing all of the formal requirements of said statute. The county court held that certain other instruments lacked the statutory requirements and refused them probate as codicils or wills. This was affirmed by the district court on appeal, and we are asked to hold it erroneous.

There seems to be no serious dispute about the instrument dated March 29, 1938, constituting a holographic will, but our attention is directed to its provisions, which go no further than directing the payment of debts and funeral expenses and naming the executors to serve without bond. Distribution thereunder would follow the statutory scheme. This instrument was delivered by the maker to the persons named co-executors. The other instrument, dated March 22, 1939, and treated as a part of the holographic will, contains certain devises and bequests, and to this extent alters the earlier instrument.

The later instrument contains this language: "You will see when this was dated. Of late I have bin mightly porley so you will see the change I have made in the will. . . ." This was directed to Mrs. Duke, one of the co-executors named in the earlier will, but was found among decedent's effects after death.

There is but one general argument made against the finding that decedent died testate. Our attention is directed to the fact decedent left several writings that partook of the characteristics of wills. From this it is argued that the matter of disposing of her property by will was a thing that constantly occupied the time and attention of decedent. It is argued that the number of these writings casts doubt upon the fact of whether the instrument dated March 29, 1938, was actually the instrument she intended to be her will, and it is argued that other instruments might have been intended as a revocation thereof. Such other instruments as were found and introduced in evidence for the purpose of controverting the instruments offered for probate and admitted to probate fail to meet the requirements of 84 O. S. 1941 § 101, as construed in Re Ballard's Estate, 56 Okla. 149, 155 P. 894, and cannot serve as wills that revoked earlier wills. If there was any other instrument more

520

effectual in this respect, it was not introduced in evidence. None of the writings offered and rejected contained revocatory language.

It is argued also that the language in the later instrument is not sufficiently descriptive to identify "the will" that was being changed. A codicil to a will need not be on the same paper the will is written on. 68 C. J. 724, § 407, and page 884, § 613. However, when it is on a separate sheet of paper and is found at a place where the will is not kept, there must be something about it or within it that identifies with reasonable certainty the will to which it is to be a codicil. The evidence shows that decedent placed the holographic instrument dated March 29, 1938, in the hands of the co-executors, and gave them to understand what it was. When the letter dated March 22, 1939, directed to Mrs. Duke, was found in the effects of decedent after her death, and, as shown above, expressly referred to "the will," we think there was sufficient identification of the will intended to be affected. There is no evidence to indicate otherwise. This showing on the part of the proponents required the protestants to assume the burden of proving otherwise. In re Free's Estate, 181 Okla. 564, 75 P. 2d 476.

Protestants also argue that neither of the instruments alone sufficiently expressed a testamentary intent that could be taken in the sense the term "last will and testament" is usually understood. It is pointed out that the earlier instrument makes no disposition of the property; that the direction to pay debts and funeral expenses adds nothing to what the law requires (84 O. S. 1941 § 41); and that the mere nomination of the executors is not sufficient to support a testamentary writing. With respect to the earlier instrument, we think the language employed clearly evinced an intention to make it a will, and that the omission to distribute property does not deprive it of its testamentary character. It is a will and entitled to probate if it does no more than nominate an executor. 68 C. J. 884, § 612. What-

ever shortcomings may be urged against the later instrument, standing alone, as failing to indicate an intention to make it a testamentary instrument, lose their argumentative effect when it is construed as intended to be a codicil to an existing testamentary writing that is sufficient.

The judgment of the trial court is affirmed.

CORN, C. J., GIBSON, V. C. J., and OSBORN, WELCH, HURST, DAVISON, and ARNOLD, JJ., concur. RILEY, J., absent.