SCHER ET AL. *v.* STOFFEL ET AL.

[No. 17,330.   Filed December 13, 1944.]

*Claude Cline,* of Huntington, for appellants.

*Sumner Kenner* and *Lawrence E. Carlson,* of Huntington, and *James F. Burns,* of Chicago, for appellees.

ROYSE, J.—This is an appeal from the judgment of the Huntington Circuit Court construing certain provisions of the will of Fred Gill, deceased.

The provisions of the will which were construed by the court are Items Four and Six. Omitting formal parts, the will is as follows:

"ITEM ONE. It is my will and I hereby direct my executrix hereinafter named to collect any and all amounts due me from any and all sources, and to pay any and all of my just debts, including the expenses of my last sickness and funeral expenses.

"ITEM TWO. It is my will and I hereby devise for life to my nephews and nieces who are the sons and daughters of my deceased sister, Magdalena Scher, the following described real estate in Huntington County, Indiana, to-wit: (Here follows description). It being understood that the nephews and nieces being the sons and daughters of the said deceased, Magdalena Scher, shall have and hold said above described real estate for their lifetime only, and after their death the fee shall descend to and become the absolute property of the grandchildren of the said Magdalena Scher, deceased, and their interest therein shall be the interest of the parent and per stirpes, or by representation. Should any of the life tenants die without issue, then and in that event the fractional interest of the children who do leave issue shall be increased so that the fee in this farm shall ultimately go without lapsing of interest to the class above indicated.

"ITEM THREE. It is my will and I hereby devise unto my brother, John Gill, the following described real estate situated in Huntington County, Indiana, to-wit: (Here follows description). It being understood that he shall take all that I own of said farm east of the old established line between the Sinn and Mattern farms.

"I hereby charge my brother, John Gill, with the following: Should my sister, Catherine Gill, be in need, then he may, from his interest in the Mattern farm, make up a fund not to exceed Five Hundred ($500.00) Dollars and shall assist her as and when she needs assistance to the extent of that Five Hundred

($500.00) Dollars. However, this shall not be a charge on the real estate above described and it shall all be left to the good judgment of John Gill to tell whether or not any part of said Five Hundred ($500.00) Dollars should be paid. It is the intention of the testator to leave this entire matter to his brother in whom he has full and complete confidence.

"ITEM FOUR. It is my will and I hereby devise the following described real estate in Huntington County, Indiana, to-wit: (Here follows description), to the sons and daughters of my brother, John Gill, the same to be theirs for life only, and the fee therein to descend per stirpes to the children of said class above named, said first class being the children of John Gill, and said second class being the grandchildren of John Gill. Should any of the life tenants die without issue, then in that event the fractional interest of the children who do leave issue shall be increased so that the fee in this real estate shall ultimately go without lapsing of interest to the class above indicated.

"ITEM FIVE. It is my will that no timber shall be cut by the life tenants on the Sinn farm or on the Griffith farm unless it is dead or unless it is necessary to cut the same for the good of the timber and to avoid waste. It is further my will that in view of the fact that I have planted a great number of trees on the Griffith farm and since the trees are young and tender and would be harmed by pasturing, I direct that the life tenants on said farm shall not permit pasturing on timber land, it being my desire that a growth of timber shall be realized from my plantings and from any additional plantings that may be necessary from time to time.

"ITEM SIX. All the rest and residue of my estate I hereby devise and bequeath unto the Catholic Church Extension Society at 360 North Michigan Avenue, Chicago, Illinois. However, it being understood that this shall not include any part of the Sinn or Griffith farms which are above set forth as going in toto to two branches of my family.

"ITEM SEVEN. It is my will and I hereby nominate and appoint my niece, Mrs. Mary Stoffel, wife of Frank Stoffel, to be executrix of this my last will and testament".

This will was executed on December 6, 1940. Subsequent to the execution of the will, testator sold the Griffith farm, which was the real estate referred to in Item Four, for $7200.00. The money which apparently was received from this sale was deposited in the testator's checking account along with other funds of the testator. At all times after such sale he had on deposit in said account more than the amount received from the sale. He died July 28, 1943, approximately eight months after contracting for the sale of said real estate.

The trial court, in construing the will, held: (1) That Item Four thereof was annulled by the sale of said real estate; (2) That the testator did not die intestate as to the proceeds of said sale; (3) That the Catholic Church Extension Society, a corporation, as residuary legatee, is entitled to receive such proportion or amount, if any, remaining for distribution after the payment of liabilities. Judgment accordingly.

The appellants who are heirs at law of the testator duly filed their motion for a new trial, which was overruled. The action of the trial court in overruling this motion is the only error assigned. The specifications in the motion for a new trial are: (1) The decision of the court is not sustained by sufficient evidence; (2) The decision of the court is contrary to law.

The facts were all stipulated. Appellants did not set out the stipulation or the substance thereof in their brief. Had it not been that appellee Catholic Church Extension Society set out a condensed statement of the stipulations in their answer brief, no question would have been presented by this appeal. The facts stipulated were substantially as hereinbefore set out.

All of the parties are agreed that the sale of the real estate annulled Item Four of the will. Appellants contend the proviso contained in the last sentence of Item

Six of the will indicates it was not the intention of the testator that the residuary legatee should receive the proceeds from the sale of said real estate, and therefore such proceeds became intestate property.

It is well established that in construing the provisions of a will a construction which will result in a partial intestacy is to be avoided unless the plain language of the will requires it. *Cate* v. *Cranor, Executor, and Others* (1868), 30 Ind. 292, 296; *Dykeman et al.* v. *Jenkines, Executor, et al.* (1913), 179 Ind. 549, 559, 101 N. E. 1013; *Coil et al.* v. *Schetter et al.* (1926), 85 Ind. App. 528, 534, 152 N. E. 870. "A residuary clause will pass proceeds from the ademption of specific legacies, in whatever form such proceeds exist, *unless such a disposition is contrary to the manifest intention of the testator."* (Our emphasis.) 69 C. J. 427, §1484. See also *Coon* v. *Coon et al.* (1918), 187 Ind. 478, 484, 118 N. E. 820; *Garrison* v. *Day et al* (1905), 36 Ind. App. 543, 549, 76 N. E. 188.

It is elemental that in determining the intention of a testator as to a specific item of the will the contents of the whole will must be considered. In the instant case the provisions of Items Two, Four and Six indicate the testator had information and knowledge as to the rules of law relating to lapsed devises and fully understood that under such rules lapsed devises became a part of the residuum which passed under the residuary clause of the will. In Items Two and Four he clearly indicated that it was his intention that if any of the life tenants die without issue the interests of the children with issue should be increased proportionately so that the real estate would pass to the class provided for. There is no provision in the will that in the event his brother John Gill should predecease the testator the real estate bequeathed to him under Item

Three should not go to the residuary legatee. It seems clear to us that the testator intended to.dispose of all of his property by will. We are of the opinion that by the last sentence of Item Six of the will the testator manifested his intention to exclude from the residuary clause only the specific parcels of real estate referred to in Items Two and Four..By sale of the real estate referred to in Item Four prior to his death, testator not only revoked this provision of the will, but also the specific reference to this real estate contained in Item Six. The fact that the testator did not segregate the proceeds of this sale but that he deposited it in his personal checking account with other funds which he knew would go to the residuary legatee, is further indication to us that it was his intention that these proceeds should pass under the terms of the residuary clause.

The judgment of the Huntington Circuit Court is affirmed.

Note.—Reported in 58 N. E. (2d) 118.