ELROD v. PURDIN.

No. 31939. Nov. 13, 1945.

*163 P. 2d 209.*

J. F. Beavers, of Muskogee, for plaintiff in error.

Rosser & Rosser, of Muskogee, for defendant in error.

BAYLESS, J. This appeal from the district court of Muskogee county, where the matter was tried on appeal from the county court, involves the issue of the admission to probate of several writings offered as the holographic will of Mary R. Proud, deceased. Mollie Mae Elrod, contestee, appeals from the order of the district court sustaining the contest of Ira M. Purdin and refusing to admit said writings to probate.

There seems to be very little dispute in the evidence, the principal contentions on appeal relating to the law of the case. Mary R. Proud's brother found and offered for probate four instruments. The first is dated August 20, 1935, appears to be wholly in the handwriting of Mary R. Proud, and makes general disposition of her estate. This instrument is mutilated in the sense that it has been torn across the bottom of the last page and appears to be incomplete; and there was pinned thereto a piece of paper not otherwise complete in itself numbered "3rd" and apparently intended as a substitute for the third bequest which in the body of the first page is interlined and stricken out. The second is dated October 18, 1938, appears to be wholly in the handwriting of Mary R. Proud, and is incomplete in the sense that the tenth bequest ends in the middle of a sentence. The third is undated and is referred to by the parties as "Mary R. Proud's requests" and consists of a number of specific gifts and on the reverse side of the paper contains a list of names that she desires to "remember with something." The bottom of the first page was signed by her. The fourth is a small sheet of paper in the handwriting of Mary R. Proud reading: "Amos & Mollie Elrod *must bury* me and *pay all my funeral expenses* as the others will not get enough to do it." This sheet of paper was found in an envelope, the end of the envelope being torn off, and the envelope bore this inscription, "Will—do not open until all the bro & children are present." The first, second and third instruments were found with an abstract relating to her property, while the envelope containing the small slip of paper was found elsewhere. The county court admitted all of these to probate as the holographic will of Mary R. Proud under the authority of 84 O. S. 1941 §§ 54 and 154, which reads: "Several testamentary instruments, executed by the same testator, are to be taken and construed together as one instrument." The district court apparently was impressed with the fact that instruments (1) and (2) were not complete and were not signed at the end thereof: and that instruments (3) and (4), although signed by Mary R. Proud, contained insufficient elements to constitute a testamentary writing.

On appeal Mollie Mae Elrod insists that the judgment of the county court admitting all of these instruments to probate is correct, relying mainly upon section 154 of our statutes, quoted above, and the presence of Mary R. Proud's name in a testamentary intent in the exordium of the first two instruments. Ira M. Purdin resists her contention by asserting that instruments (1) and (2) were not signed and are obviously incomplete, the one having been mutilated by having the concluding portion thereof torn away and the other unfinished by the scrivener; and the asserted obvious lack of testamentary character of the other two.

The parties cited conflicting authorities with respect to whether the appearance of the testator's name in the exordium of a holographic will is sufficient to constitute a signing thereof. If the first two instruments were complete, the decision upon the issue of whether she signed these instruments by the inclusion of her name in the exordium thereof would be a difficult task. However, we think there is no occasion to give attention to this issue, since we are of the opinion that the trial judge correctly held that these instruments were not entitled to probate because of their incomplete character.

While it does not appear that there is any substantial conflict in the terms of instrument No. (1) and instrument No. (2), we are of the opinion that neither of them is complete in form so as to be entitled to admission to probate as the will of the testator, nor together, as was allowed in Reeves v. Duke, 192 Okla. 519, 137 P. 2d 897. The last page of instrument No. (1) is torn across through the tenth be-

quest or following the tenth bequest, the appearance of the last page clearly indicating that something appeared thereafter at one time and does not now so appear, which raises a strong inference that instrument No. (1) is not the complete, unmutilated will of the decedent. Instrument No. (2) terminates with an incompleted sentence in bequest No. (10), which incomplete sentence, as far as it goes, seems to make this bequest parallel the tenth bequest in instrument No. (1). But as pointed out by the Supreme Court of California in Re Bernard's Estate, 197 Cal. 36, 239 P. 404, in discussing the holographic will involved in the estate of McMahon, 174 Cal. 423, 163 P. 669, L. R. A. 1917D, 778, and particularly directing its attention to a proffered will similar in form to instrument No. (2), rejected the same by saying:

"The signature appears in the opening statement of the paper, but there is nothing in the document or in the closing paragraph to indicate that the testatrix intended to adopt that signature as the executing signature of the will. Indeed, the contrary may be inferred from the fact that the will terminates without even a punctuation mark, thereby indicating that the testatrix ceased writing before she had completed declaring her intention and that she did not regard the document as a completed will."

The judgment appealed from is affirmed.

GIBSON, C. J., HURST, V. C. J., and RILEY, OSBORN, and DAVISON, JJ., concur.