In the Matter of the ESTATE of Ida Belle WOODRUFF, Deceased.

Herman C. WOODRUFF, Sr., Plaintiff in Error,

v.

Howard L. WOODRUFF, Leonard J. Woodruff, Jr. and Margueritte B. Piers, Defendants in Error.

No. 39934.

Supreme Court of Oklahoma.

Feb. 26, 1963.

Marvin Shilling, Wilson Wallace, Ardmore, for plaintiff in error.

J. I. Goins, Jack H. Smith, Ardmore, for defendants in error.

HALLEY, Vice Chief Justice.

Ida Belle Woodruff was a resident of Carter County, Oklahoma, at the time of her death, February 4, 1960. She was approximately ninety-four years of age and a widow. She left surviving her as her heirs at law her son, Herman C. Woodruff, Sr., plaintiff in error here, and the children of a pre-deceased son, Leonard J. Woodruff, Sr., who are Howard L. Woodruff, Leonard J. Woodruff, Jr. and Margueritte B. Piers, the defendants in error. The defendants in error offered for probate as a holographic will, two pieces of paper found in a desk which was owned by Leonard J. Woodruff, Sr. These pieces were not stapled together but both were testamentary in character and were not in conflict.

There was sufficient evidence offered to show that these two pieces of paper were all

written, dated and signed in the handwriting of Ida Belle Woodruff.

 Both the County Court of Carter County and the District Court admitted these two sheets of paper as the holographic will of Ida Belle Woodruff. There was no denial that the writing on these two pieces of paper were in the handwriting, dated and signed by Ida Belle Woodruff. 84 O.S.1961 § 54, was adhered to. We are compelled to disagree with the plaintiff in error and say that there was sufficient evidence to sustain the trial court's judgment in admitting the sheets of paper as a holographic will. We have studied all of the evidence as well as the original will and we cannot say that that judgment is against the clear weight of the evidence. See Davis v. Davis, 86 Okl. 255, 207 P. 1065 and Reeves v. Duke, 192 Okl. 519, 137 P.2d 897, 147 A.L.R. 634. This disposes of plaintiff in error's first proposition.

 For his second proposition the plaintiff in error contends that, even though the instrument offered meets the requirements of a holographic will, it had been revoked by the testatrix and should not have been admitted to probate because testatrix conveyed by deed certain of the property covered by the will. With this neither can we agree. Certainly property disposed of by deed would not be in testatrix' estate but what we are concerned with here is whether the instruments submitted should be admitted to probate. Since we determined that question the County Court will first have to wrestle with the problem as to what property is in the estate of Ida Belle Woodruff subject to probate. See Courtney et al. v. Daniel et al., 124 Okl. 46, 253 P. 990 and Letts v. Letts, 73 Okl. 313, 176 P. 234. There is no conflict in our holding here and the case relied on by plaintiff in error which is Nelson v. Van Duyne, 205 Okl. 440, 239 P.2d 387, because the giving of a deed to lands devised in the will does not effect a revocation of the will as to other lands and property covered by the will. See 95 C.J.S. Wills § 294, p. 81 and Threw v. Threw, 410 Ill. 107, 101 N.E.2d 515; In re

Heidelmeyer's Estate, 289 Mich. 404, 285 N.W. 29; Graham v. Karr, 331 Mo. 1157, 55 S.W.2d 995; 68 C.J., p. 845, note 74; Arthur v. Arthur, 10 Barb.N.Y. 9; 68 C.J., p. 845, note 75; Kemp v. Kemp, 92 Ind.App. 268, 154 N.E. 505.

Judgment affirmed.