**FOR PUBLICATION**



ATTORNEY FOR APPELLANT:

**THADDEUS CRAIG KELLEY**
Kelley, Belcher & Brown
Bloomington, Indiana

ATTORNEY FOR APPELLEE:

**P. MASON CLARK**
P. Mason Clark, Attorney at Law, P.C.
Bloomington, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| IN RE:  THE MATTER OF THE SUPERVISED ADMINISTRATION OF THE ESTATE OF CORA E. YOUNG, deceased, | ) ) ) ) | |
| TERRY DOUTHITT, KELLY DOUTHITT, and KEVIN DOUTHITT, | ) ) ) | |
| Appellants-Intervenors, | ) ) | |
| vs. | ) ) | No. 53A04-1301-EU-36 |
| THEODORE R. YOUNG, | ) ) | |
| Appellee-Personal Representative. | ) ) | |

APPEAL FROM THE MONROE CIRCUIT COURT
The Honorable E. Michael Hoff, Judge
Cause No. 53C01-1207-ES-158

**June 7, 2013**

**OPINION - FOR PUBLICATION**

**VAIDIK, Judge**

Terry Douthitt, Kelly Douthitt, and Kevin Douthitt (collectively "the grandchildren"), appeal the trial court's denial of their motion to reconsider. They contend that based on the language of Cora Young's will, the trial court erred in finding that the proceeds of a sale of her property should be distributed to her second husband at her death. We hold that since the property was a specific bequest under Cora's will and was sold before Cora's death, it was adeemed by extinction and therefore the proceeds pass to the residuary beneficiary under her will. Finding that the residuary beneficiary is her second husband, we affirm the trial court.

**Facts and Procedural History**

On December 17, 1976, Cora executed her Last Will and Testament ("Will"). Item Two of her Will reads:

> That property which was vested in me at the time of my marriage to my husband, Theodore R. Young, including the residence at R. R. 9, Box 314, Bloomington, Indiana, a lot in Turkey Mountain Estates, Stone County, Missouri, and a lot in Lehigh Acres, Lee County, Florida, I will, devise and bequeath to my son, Dennis A. Douthitt, of Monroe County, Indiana.

Appellants' App. p. 15. Item Five of her Will reads:

> All the rest and residue of my property (excepting what m[a]y be the proceeds of any of the items mentioned in item two) I will devise and bequeath to my husband, Theodore R. Young, or if he shall not survive me then my property which may come directly through him shall be divided among his heirs and any property not so attributable shall go to my said son, Dennis Douthitt.

*Id.* at 16. Cora never changed her Will although her son, Dennis, predeceased her, *id.* at 7, and there was no language in her Will that specifically referred to her grandchildren in

any way. Rather, Cora left her grandchildren non-probate assets in the amount of $350,271.97. *Id.* at 27.

Cora sold the property in Florida in 1984 and sold the property in Missouri in 1987. *Id.* at 7. On May 2, 2012, Cora sold her Bloomington residence to the State of Indiana for the expansion of Interstate 69. *Id.* at 10. She received $263,550 for the sale, but the proceeds had not been paid at the time of her death. On June 6, 2012, Cora purchased property at 3934 North State Road 45, Solsberry, Indiana, for $288,257. The proceeds from the sale of Cora's Bloomington property were used to pay off a portion of the debt owed on the Solsberry property after Cora's death.

Cora died testate on June 26, 2012. On July 13, 2012, her second husband filed a Verified Petition for Probate of Will in which he listed himself as the only beneficiary. *Id.* at 11-16. The grandchildren then filed a Petition Requesting Instructions as to Interpretation and Construction of the Will, contesting that they should have been listed as beneficiaries of the Will as well, since they would stand in the shoes of their deceased father, Dennis, and therefore be entitled to the proceeds of the sale of the Bloomington property. A hearing was held, and the trial court took the matter under advisement, allowing the parties to submit further argument and authorities.

The trial court entered its order three months later, holding that the proceeds from the Bloomington property should be distributed to Cora's second husband and not the grandchildren. Since the property was no longer owned by Cora at the time of her death, it was adeemed by extinction and therefore the proceeds of the sale would pass through

3

the residuary clause of the Will and go to Cora's second husband. *Id.* at 7-10. The grandchildren filed a motion to correct errors, which the trial court denied.

The grandchildren now appeal.

**Discussion and Decision**

The grandchildren appeal the trial court's denial of their motion to correct errors. We review rulings on motions to correct errors for abuse of discretion. *Baumgart ex rel. Baumgart v. DeFries*, 888 N.E.2d 199, 205 (Ind. Ct. App. 2008), *trans. denied*. A trial court abuses its discretion if its decision is against the logic and effect of the facts and circumstances before the court. *Id.*

The grandchildren first contend that the trial court erred in determining that since Cora conveyed the Bloomington property during her lifetime, the devise is adeemed by extinction.[1] We disagree.

The doctrine of ademption by extinction is "defined as an act which causes a legacy to become inoperative because the subject matter of the legacy has been withdrawn or disappeared during the testator's lifetime." *In re Estate of Warman*, 682 N.E.2d 557, 560 (Ind. Ct. App. 1997), *trans. denied*. This doctrine only applies to specific bequests, not general bequests, and "occurs only when the subject matter of the legacy is so altered or extinguished that the legacy is completely voided." *Id.* Indiana's approach to ademption is governed by the "Modern Rule." *Pepka v. Branch*, 155 Ind. App. 637, 659, 294 N.E.2d 141, 153 (1973). There are two steps under this approach: (1)

---

[1] The grandchildren also argue that this Court's holding in *Kemp v. Kemp*, 92 Ind. App. 268, 154 N.E. 505 (1926), is controlling and that ademption by extinction does not apply to devises of real estate. Appellants' Br. p. 10. However, *Kemp* is distinguishable from the present case because the testator died the owner of the land in question, 154 N.E. at 506, while in this case, Cora had completely divested herself of the Bloomington real estate before her death. We therefore reject this argument.

"establish the identity of the specific bequest which the testator purports to make under the terms of the will," *Warman*, 682 N.E.2d at 560, and (2) apply the form and substance test. *Id.*

We therefore must first identify the specific bequest at issue. A specific bequest is "a bequest of some definite or specific part of the testator's estate which is capable of being designated, identified, and distinguished from other like things composing the testator's estate." *Id.* (citing *Weaver v. Schultz*, 177 Ind. App. 563, 380 N.E.2d 601, 602 (1978)). A general bequest, on the other hand, is "a bequest out of the general assets of the testator's estate, such as a gift of money or other things in quantity not in any way separated or distinguished from other things of the same kind." *Key v. Sneed*, 408 N.E.2d 1305, 1307 (Ind. Ct. App. 1980). Since Cora specifically named the piece of real estate at issue, the bequest is capable of being distinguished from the other assets in her estate. We therefore find that the bequest at issue was a specific bequest of the residence at R. R. 9, Box 314, Bloomington, Indiana.

We next must apply the form and substance test, which states: "[i]f there has only been a formal change in the bequest since the execution of the will, there is no ademption; however, if the specific bequest has changed in substance, the legacy is adeemed." *Warman*, 682 N.E.2d at 560. In this case, the specific bequest has changed in substance. Cora sold her Bloomington residence and signed a Warranty Deed in favor of the State of Indiana on May 2, 2012. The bequest has therefore changed from a piece of real estate to the proceeds that Cora received from the State of Indiana for the sale. This is a change of substance of the bequest, so it was therefore adeemed. *See id.* at 561

5

("Under [the form and substance test], the bequest fails if the article specifically bequeathed has been *given away*, lost or destroyed during the testator's lifetime.") (Emphasis added).

When a bequest is adeemed, the proceeds pass through the residuary clause of the will. *Scher v. Stoffel*, 115 Ind. App. 195, 199, 58 N.E.2d 118, 120 (1944). The grandchildren contend that the clause should be read in a way that excepts the proceeds of the sale of the Bloomington property from the residuary beneficiary and leaves those proceeds to Cora's son, Dennis Douthitt. Appellant's Br. p. 14. We disagree; we find that the clear language of this clause indicates that the proceeds of the sale are to go to Cora's second husband, Theodore R. Young. The residuary clause is Item Five of the Will, which reads:

> All the rest and residue of my property (excepting what m[a]y be the proceeds of any of the items mentioned in item two) I will devise and bequeath to my husband, Theodore R. Young, or if he shall not survive me then my property which may come directly through him shall be divided among his heirs and any property not so attributable shall go to my said son, Dennis Douthitt.

Appellants' App. p. 16.

The grandchildren first argue that the clause "excepting what m[a]y be the proceeds of any of the items mentioned in item two" clearly excepts the proceeds of the sale from the residuary clause and bequeaths them to Dennis. The word "proceeds" in the clause, however, is not sufficiently specific to identify what proceeds Cora was referencing. We are unable to determine if she was referring to the proceeds from any sale of the properties, regardless of when they occurred, or if she was referring only to the proceeds of a sale that occurred after her death. It is telling that the grandchildren are

6

only contesting the proceeds from the sale of the Bloomington property and not the sales of the Missouri and Florida properties that took place after the Will was executed but some thirty years before Cora's death, but we cannot be certain as to Cora's true intent. We therefore must find that this particular clause in Item Five is not specific enough to overcome the clear doctrine of ademption by extinction and except the proceeds of the sale of the Bloomington residence out of the residuary clause. The proceeds therefore must go to the residuary beneficiary that Cora has clearly named in her Will: Theodore R. Young.

We also note that the last clause of Item Five leaving "any property not so attributable" to Cora's son, Dennis, is only applicable if Cora's second husband predeceases her. The grandchildren argue that "[t]he will unfortunately left out a few commas," Appellants' Br. p. 14, and that the last clause was meant to apply regardless of whether Cora's second husband predeceases her. However, a plain reading of Item Five as it is written makes it clear that the last clause that leaves property to Dennis is dependent upon Cora's second husband predeceasing her. We therefore find this argument of the grandchildren to be without merit.

Finally, the grandchildren contend that this Court's decision in *Funk v. Funk*, 563 N.E.2d 127 (Ind. Ct. App. 1990), *trans. denied*, should apply, and we should try to discern Cora's intent and find that she intended to leave the proceeds of the sale to her grandchildren. However, we find that *Funk* is not applicable to this situation. In this case, Cora had personally divested herself of the Bloomington property before her death, signing a Warranty Deed in favor of the State of Indiana on May 2, 2012. In *Funk*,

7

however, the testator's attorney-in-fact sold the land in question when the testator was alive but incapacitated. *Id.* at 128. This crucial fact distinguishes *Funk* from the present case, rendering its holding inapplicable.

We find that the trial court did not err in denying the grandchildren's motion to correct errors. The Bloomington residence was adeemed by extinction, so the proceeds of the sale pass to the residuary beneficiary listed in Cora's Will: her second husband, Theodore R. Young. We therefore affirm the trial court.

Affirmed.

KIRSCH, J., and PYLE, J., concur.