## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 15 2016, 7:54 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Vassil Marinov
West Lafayette, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Vassil Marinov,<br>*Appellant-Defendant,*<br><br>v.<br><br>UMR Cobra,<br>*Appellee-Plaintiff.* | June 15, 2016<br><br>Court of Appeals Case No.<br>79A05-1510-PL-1615<br><br>Appeal from the Tippecanoe<br>Superior Court<br><br>The Honorable Randy J. Williams,<br>Judge<br><br>Trial Court Cause No.<br>79D01-1409-PL-64 |

**Vaidik, Chief Judge.**

# Case Summary

[1] Vassil Marinov appeals the dismissal of his lawsuit against UMR Cobra.[1] Finding no error, we affirm.

# Facts and Procedural History[2]

[2] Marinov, acting pro se, filed a lawsuit against UMR Cobra, describing his claim as follows: "Annulment of UMR-Cobra medical insurance of my name and recovery of sums paid under this insurance. UMR-Cobra did on my name medical insurance without my consent and explicitly told them disagreement from 01.01.12 to 02.25.13." He requested a judgment in the amount of $6000.00.

[3] A year into the litigation, UMR Cobra filed a Motion to Dismiss for Failure to Name the Real Party in Interest. On July 20, 2015, the trial court held a hearing and signed an order stating that the case would be dismissed if Marinov

---

[1] UMR is a third-party administrator of health-insurance claims. *See* https://www.umr.com (last visited May 16, 2016). Presumably, "UMR Cobra" is a reference to the division of UMR that deals with coverage under the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"), Pub. L. No. 99-272, 100 Stat. 82. The defending entity did not file an appellate brief clarifying its legal name, and because the trial court adopted Marinov's naming of that entity, we will do the same.

[2] Our review of this matter has been somewhat hindered by the fact that Marinov has not filed an appendix containing the relevant trial-court documents. However, on March 2, 2016, he tendered a brief to which he attached several such documents. The Clerk of this Court rejected that brief, in part because most of those documents are not permitted to be included with an appellant's brief. *See* Ind. Appellate Rule 46. Marinov then filed an amended brief to which he attached only two trial-court orders. Even though Marinov's original brief was rejected, we will, in order to resolve his appeal, rely on some of the documents that were attached to that brief (a copy of which remains in this Court's file). We will also rely on the Chronological Case Summary that was attached to the Amended Notice of Completion of Clerk's Record filed with this Court by the trial court clerk on December 8, 2015.

did not join a person named Rajat Raina as a party within fifteen days. On August 11, 2015, Marinov had not done so, and the trial court issued an order dismissing the case.

[4] On August 17, 2015, Marinov filed a motion to correct error. In it, he claimed that he had been out of the country for medical reasons, that his relatives in Indiana had not been able to contact him to notify him of the hearing on July 20, 2015, and that he was unaware of the trial court's order requiring him to add Rajat Raina as a party. The trial court denied Marinov's motion.

[5] Marinov, still proceeding pro se, now appeals.

# Discussion and Decision

[6] Marinov appeals the trial court's denial of his motion to correct error. We review such rulings under the deferential abuse-of-discretion standard. *In re Estate of Young*, 988 N.E.2d 1245, 1247 (Ind. Ct. App. 2013). A trial court has abused its discretion if its decision is against the logic and effect of the facts and circumstances before the court. *Id.* at 1248.

[7] Marinov has not persuaded us that the trial court abused its discretion. Indiana Trial Rule 59(H)(1) provides that where, as here, a motion to correct error is based on evidence outside the record, "the motion shall be supported by affidavits showing the truth of the grounds set out in the motion and the affidavits shall be served with the motion." Marinov claimed in his motion that he was out of the country and did not receive notice of the dismissal hearing or

the trial court's post-hearing order, but he did not provide any affidavits or other evidence to support these claims. This failure alone justified the denial of his motion.

[8] Moreover, even assuming that Marinov's claims about being out of the country are true, he would not be entitled to relief. There is no indication in the record of when he left the country or when he returned to Indiana, no indication that he notified the court that he would be leaving the country, and no indication that he made any arrangements to deal with the case while he was away, even by simply maintaining contact with his relatives here in Indiana. Under these circumstances, the trial court acted well within its discretion when it denied Marinov's motion.

[9] Affirmed.

Barnes, J., and Mathias, J., concur.